951 F.2d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
R.F. VERNON, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary, HHS, Defendant-Appellee.
 No. 90-16246.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1991.*
Decided Dec. 18, 1991.
 
 MEMORANDUM**
 Before WALLACE, Chief Judge, and SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 R.F. Vernon appeals pro se the district court's dismissal of his action for review of the determination of the Secretary of Health and Human Services ("Secretary") that (1) Vernon received an overpayment of supplemental security income benefits; and (2) Vernon was not entitled to a waiver of recovery of the overpayment. We review the district court's dismissal for failure to prosecute for an abuse of discretion, Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987), and we reverse and remand.[1]
 
 
 2
 The district court may dismiss an action under Rule 41(b) if the plaintiff fails to follow a court order. Fed.R.Civ.P. 41(b). Before dismissal, however, the court must weigh five factors: " '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988) (quoting Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986)). If the district court does not explicitly consider the five dismissal factors, this court reviews the record independently to determine whether the dismissal was an abuse of discretion. Id. (citation omitted). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986).
 
 
 3
 Here, Vernon filed his complaint on July 13, 1988, and on the same day, the clerk entered a procedural order which required Vernon to file a motion for summary judgment within thirty days of service of the Secretary's answer. The Secretary filed an answer after remand on July 17, 1989. On December 6, 1989, the district court dismissed Vernon's case on the ground that he "refus[ed] to comply with a ringingly clear order of [the] court." On December 11, 1989, Vernon filed (1) a motion for extension of time to file a motion for summary judgment, and (2) a motion for summary judgment. On March 16, 1990, the district court denied both motions on the ground that the court's previous order left "little room for interpretation."
 
 
 4
 Applying the five dismissal factors, the first two factors do not support the district court's decision to dismiss Vernon's case. Indeed, the Secretary's motions to extend the time to respond to Vernon's complaint and to remand the case to locate or reconstruct Vernon's claim file more directly impeded the resolution of the case and prevented the district court from adhering to its scheduled docket. See Malone, 833 F.2d at 130-31.
 
 
 5
 The third dismissal factor also weighs against the district court's decision because Vernon's actions did not impair the Secretary's ability to go to trial or interfere with the rightful decision of the case. See id. at 131. In determining whether prejudice against the defendant is sufficient to support an order of dismissal, we look at "the strength of the plaintiff's excuse for the default." Id. Here, Vernon alleges that he did not comply with the district court's order because (1) he did not know that he had to move for summary judgment; and (2) he was recovering from a bicycle accident and a two-month illness. The record does not indicate that the district court considered Vernon's excuses, nor did the court warn Vernon that his case was in danger of being dismissed. Moreover, the fact that Vernon filed his motion for summary judgment five days after the district court entered the dismissal order indicates that his failure to comply with the 1988 procedural order was not willful, nor did he act in bad faith. See id. On balance, these factors weigh against a finding that Vernon's actions prejudiced the Secretary.
 
 
 6
 The fourth dismissal factor clearly favors Vernon because the district court's decision denies him the opportunity to present to the court the merits of his case.
 
 
 7
 Finally, the fifth dismissal factor requires the district court to consider less drastic alternatives to dismissal of a case for failure to follow a court order. Id. The following factors are relevant in determining whether the district court considered less drastic alternatives to dismissal:
 
 
 8
 (1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?
 
 
 9
 Id. at 132. Although the explicit discussion of alternatives to dismissal is not necessary for dismissal to be upheld, id., "failure to warn [the plaintiff] has frequently been a contributing factor in our decisions to reverse orders of dismissal." Id. at 133. Here, the district did not explicitly discuss the feasibility of less drastic alternatives to dismissal. Moreover, the district court did not warn Vernon that dismissal of his complaint was imminent. In light of the above-mentioned factors, and the absence of any egregious circumstances, we conclude that the district court's dismissal was an abuse of discretion.
 
 
 10
 REVERSED AND REMANDED.
 
 
 11
 Louis W. Sullivan is substituted for his predecessor, Otis R. Bowen, as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1).
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Vernon's motion for oral argument and subpoena or deposition of witness is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Vernon filed a notice of appeal more than five months after the district court filed its order dismissing the action, the district court never entered a separate judgment, and thus the sixty-day notice period never commenced. See Vernon v. Heckler, 811 F.2d 1274, 1276 (9th Cir.1987). Therefore, Vernon's notice of appeal was timely. Id. Moreover, the Secretary has conceded that he waived the separate-judgment requirement. Therefore, this court has jurisdiction over this appeal under 28 U.S.C. § 1291. See id. at 1276-77