9 F.3d 1552
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Susan L. MOULTON, Plaintiff-Appellant,
v.
CITY OF WALLA WALLA, WASHINGTON; Ronald McAdams, et al.,
Defendants-Appellees.
 No. 93-35554.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 8, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Susan Moulton appeals pro se the district court's dismissal pursuant to 28 U.S.C. § 1915(d) of her action against the City of Walla Walla, Superior Court Judge Yancey Risen, attorney Ronald McAdams, and others. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review for an abuse of discretion. See 28 U.S.C. § 1915(d). We affirm.
 
 
 3
 An in forma pauperis complaint may be dismissed before service of process under section 1915(d) if it is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Id. at 325. A pro se plaintiff who has presented an arguable claim is entitled to issuance and service of process. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). A pro se plaintiff "must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987) (quotations omitted).
 
 
 4
 Here, Moulton filed five actions on November 17, 1992 and a sixth action on December 21, 1992.[2] Moulton apparently filed two additional in forma pauperis complaints stemming from the same facts. On February 12, 1992, the district court ordered the cases consolidated and directed Moulton to file an amended complaint naming all defendants. On March 18, 1993, Moulton filed a first amended complaint. On April 1, 1993, the district court directed Moulton to file a second amended complaint. In its order, the district court noted that Moulton's allegations of injury and liability were "extremely vague" and that she failed to state how the defendants violated her rights. The district court directed Moulton to file a second amended complaint that stated "concisely what each defendant did ... that she claims constituted wrongful acts and resulted in injury to her." The court warned that failure to comply with the order would result in dismissal of the action.
 
 
 5
 Moulton's second amended complaint alleges she was denied her civil rights by defendants, whose actions "subjected [her] to discrimination in the levy of sales tax, denied rights under state and federal handicapped due process laws, denied substantive due process under state laws governing conduct of licensed or certified professionals, and by action of malfeasance in office." The complaint fails to state what conduct of the defendants violated her rights. Because the complaint merely recites bare allegations without any supporting facts, the district court properly dismissed it as frivolous.[3] See Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir.1984). Moreover, as the district court gave Moulton an opportunity to amend her complaint, with instructions how to cure its deficiencies, the district court did not abuse its discretion under section 1915(d).[4] See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 AFFIRMED.[5]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because no separate judgment was entered, Moulton's appeal is timely. See Vernon v. Heckler, 811 F.2d 1274, 1276 (9th Cir.1987)
 
 
 [2]
 The actions appear to relate to a state court action that dissolved Moulton's marriage and awarded custody of Moulton's children to her ex-husband
 
 
 [3]
 Although the district court dismissed the complaint under section 1915(d), some defendants filed motions to dismiss and filed appellate briefs
 
 
 [4]
 We agree with the district court that Moulton's "escalation of damages claimed is further evidence of the frivolous nature of her suit." Moulton's amended complaint sought $3 billion in compensatory damages, $350 million in specific damages, and $950 million in punitive damages, and her second amended complaint seeks $350 billion in compensatory damages, $400 million in specific damages, and $950 million in punitive damages
 
 
 [5]
 We deny McAdams's request for attorneys' fees on appeal