Rychen PADDACK; John Downing; Henry Hannan; Garry P. Goodwin; Marvin Hall; Carl M. Halvorson; John Kain; A.J. Castelbuono; Clare Woodward and Allen Rettmann as Trustees for the Oregon-Washington Carpenters-Employers Health and Welfare, Pension, Supplemental Pension, and Vacation Savings Trust Funds, et al., Plaintiffs-Appellants,

v.

Margie J. MORRIS and Leroy G. Lyon, d/b/a Lee-Mor Contracting Co., and Lee-Mor Contracting, Inc., a Washington corporation, Defendants-Appellees.

No. 84-3798.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1985.

Decided Feb. 21, 1986.

Thomas J. Barnett, David S. Paull, James S. Coon, Terry K. Borchers, Paull & Barnett, Portland, Or., for plaintiffs-appellants.

Rick T. Haselton, Lindsay, Hart, Neil & Weigler, Portland, Or., for defendants-appellees.

Before TANG, FARRIS, Circuit Judges, and KELLEHER,* District Judge.

TANG, Circuit Judge:

Plaintiff/Appellants, representing trustees and agents of various trust funds ("trust funds"), appeal federal magistrate's award of attorney fees to Morris, an employer and the defendant/appellee in this action. We affirm.

## FACTS

In 1978, appellee Margie Morris formed a partnership with her nephew, LeRoy Lyons, to do business as Lee-Mor Contracting Company, a small construction firm. In May of that same year the partnership signed an agreement with the Oregon State Council of Carpenters and affiliated local unions. The agreement obligated Lee-Mor to make monthly contributions to six employee trust funds, with the amount of the contributions to be calculated on the basis of hours of work performed by union laborers within the territorial jurisdiction of the trusts. That territory was limited to the state of Oregon and five counties in southwest Washington. Lee-Mor was not obligated to make contributions based on work performed outside the trusts' territorial limits.

The Lee-Mor Contracting Company partnership was dissolved in July of 1979, and the firm was incorporated as Lee-Mor Contracting, Inc. Simultaneous with this reorganization, Ms. Morris sold her assets in the partnership to the new corporation.

Between May 1978 and September 1981, Lee-Mor Contracting Company, the partnership, and Lee-Mor Contracting, Inc. made no trust contributions to the trust funds.

In early 1981, the trust funds began an audit of Lee-Mor's payroll records. A short time later, the trust funds filed the present action for accounting and nonpayment of contributions by Lee-Mor Contracting Co. and Lee-Mor Contracting, Inc. A default judgment was entered against Ms. Morris' co-defendants, but the action against Morris went to trial.

At trial, the accountant for the trustees, Clifford Johnson, testified that he was directed by the trusts' plan administrator to include in his audit all work performed in the state of Washington, *regardless* of whether or not that work was performed within the trusts' five-county territorial limit. In other words, Johnson was instructed by the administrator to lump together all work done in Washington without attempting to determine whether the work was performed only in the five-county area.

Johnson made no copies of the payroll records he inspected. Instead, he abstracted the data upon which the trustees' claim was based. These abstractions omitted any reference to the location of work performed. The record indicates a portion at least of Lee-Mor's work in Washington was conducted outside the five-county area. The trial court found that since neither the abstracted payroll records nor the trial testimony provided a basis upon which the hours of work performed within the geographic area subject to the contract could be calculated, the trust funds had failed to carry their burden of proof. The court entered judgment for the defendant.

On September 28, 1983, the trial court awarded defendant Morris attorney fees under ERISA, 29 U.S.C. § 1132(g). A Supplemental Judgment was entered on April 3, 1984. Trust funds appeal the award of attorney fees only.

* Honorable Robert J. Kelleher, Senior United States District Judge for the Northern District of California, sitting by designation.

## STANDARD OF REVIEW

Because ERISA, 29 U.S.C. § 1132(g)(1) commits the allowance of fees to the discretion of the district court, an award of fees will be reversed for abuse of discretion only. *Carpenters Southern Cal. Admin. Corp. v. Russell*, 726 F.2d 1410, 1415 (9th Cir.1984); *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 452 (9th Cir. 1980). "An abuse of discretion is found only when there is a definite conviction that the court made a clear error of judgment in its conclusion upon weighing relevant factors." *Hummell* at 452; *Pue v. Sillas*, 632 F.2d 74, 78 (9th Cir.1980).

## DISCUSSION

### Notice of Appeal

Morris argues that the trial court's September 28, 1983 Order, and not the court's April 3, 1984 Supplemental Judgment, is the critical "entry" of judgment or order set forth in Fed.R.App.P. 4(a)(1). Determination of such "entry" is crucial because it marks the starting point for the thirty day period in which notice of appeal may be timely filed. The trust funds filed their notice of appeal on April 16, 1984—within thirty days of the Supplemental Judgment but outside thirty days of the Order. Morris moved to dismiss the appeal as untimely, but, on October 9, 1984, a Ninth Circuit motions panel denied the motion. The motions panel ruled that "there must clearly be entry of a separate document reflecting the award [of attorney fees]" and that the Supplemental Judgment was that separate document.

That ruling is affirmed. Federal Rule of Appellate Procedure 4(a)(1) requires such a separate document, and the Ninth Circuit "will strictly enforce the requirement that there be a separate judgment or order and proper entry of the same...." *Calhoun v. United States*, 647 F.2d 6, 10 (9th Cir.1981). *Accord, Taylor Rental Corp. v. Oakley*, 764 F.2d 720, 721 (9th Cir.1985). The trial court's Order was a seven page document fully outlining the facts, the law, and the court's application of the law to the facts, and the court's

reasoning. The Supplemental Judgment, by contrast, is a five line document that no more than reaffirms the September 28, 1983 order. The Supplemental Judgment is the separate document the filing of which constitutes "entry" for Fed.R.App.P. 4(a)(1) purposes. Trust funds' notice of appeal, therefore, was timely filed.

### Award of Attorney Fees

Under 29 U.S.C. § 1132(g)(1) and (2), a trial court has discretion to award attorney fees to prevailing parties, including employers, in ERISA actions. *Carpenters Southern Cal. Admin. Corp. v. Russell*, 726 F.2d 1410, 1415 (9th Cir.1984) (hereinafter cited as *Russell*). Guidelines for the exercise of this discretion were announced in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir.1980), and reapplied most recently in *Russell* and in *Operating Eng. Pension Trust v. Gilliam*, 737 F.2d 1501, 1505 (9th Cir.1984) (hereinafter cited as *Gilliam*). The five point *Hummell* guidelines are as follows:

(1) the degree of the opposing parties' culpability or bad faith;

(2) the ability of the opposing parties to satisfy an award of fees;

(3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances;

(4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and

(5) the relative merits of the parties' positions.

643 F.2d at 453. None of the *Hummell* factors is "necessarily decisive"; various permutations and combinations can support an award of attorney fees. *Russell* at 1416.

In *Russell* we directed that a district court's award of attorney fees to an employer in an ERISA case be remanded for reconsideration in light of the concerns expressed in *Marquardt v. North America Car Corp.*, 652 F.2d 715 (7th Cir.1981).

Since *Russell* had not been decided when the trial court here ordered Morris' attorney fees paid, the trust funds argue that this case, like *Russell,* should also be remanded to the trial court for reconsideration in deference to *Marquardt.*

*Marquardt,* however, did not break significant new ground; rather, the Seventh Circuit merely amplified and applied the five point guidelines discussed in *Hummell. Marquardt* at 717. A few months after *Russell* was filed, this court, in *Operating Eng. Pension Trust v. Gilliam,* 737 F.2d 1501, 1505–06 (9th Cir.1984), retreated somewhat from *Russell's* "reconsider in light of *Marquardt"* command. *Gilliam* merely cautions that "the *Hummell* factors very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs." *Gilliam* at 1506. *Gilliam* holds, however, that an attorney fee award to an employer may be affirmed without remand if it is apparent from the record that the award was consistent with the factors outlined in *Russell* and *Hummell. Id.*

We hold that the trial court applied the relevant factors from *Hummell,* and we are not left with the definite conviction that the trial court committed a clear error of judgment in reaching its conclusion.

First, the record reflected the trustees' possible "culpability or bad faith." The trusts' administrator expressly directed the auditor to base his report in part on work performed outside the territorial limits of the trust plans. *Cf. Paddack v. Dave Christensen, Inc.,* 745 F.2d 1254, 1264 (9th Cir.1984) (attorney fees to defendant employer reversed because trustees simply failed to prove their case). The district court regarded this conduct as reflecting possible bad faith.

Second, the parties' relative ability to satisfy an award of attorney fees also supports the award of fees to Morris. Here, a group of multistate trust funds sued an individual, one-time partner in a family company. While the *Russell* court reasoned that a defendant employer will often be able to pay its own attorney fees while a plaintiff trustee may find it difficult without out injuring the beneficiaries of the plan, 726 F.2d at 1416, the opposite appears to be the case here. Morris is a former employer in her individual capacity whose $7,585 attorney fees (not including this appeal) is unlikely to injure the trust funds.

Third, the district court made an express finding that "[t]he award of attorneys' fees here will deter the bringing of tenuous claims by employee trusts." Trust funds contest this finding, arguing that an award of attorney fees will have a "chilling effect" on the trustees' willingness to bring actions on behalf of trust plans. This argument is misconceived. An award of fees under these circumstances would not deter trustees from bringing meritorious actions. The award would, however, discourage trustees from asserting, and possibly fabricating, claims with no basis in law or fact. *See Gilliam* at 1506 (plaintiff trust fund's prosecution of suit "grossly unfair"). There is little doubt that if the plaintiff trustees had limited their claims to contributions based on work validly performed within the territorial limits of the trust, the district court would not have assessed attorney fees.

Fourth, the district court found that no significant legal issue was presented in this case. Because this factor is neutral, it carries no weight in the calculus.

Fifth, and finally, the district court made no findings on the relative merits of the parties' positions; plaintiffs did not carry their initial evidentiary burden. Further, the award of attorney fees did not "penalize" the trustees from seeking to enforce employer obligations under ERISA. Rather, the award was imposed for culpable conduct.

Since the trial court's conclusion upon weighing the relevant factors was not a clear error of judgment, the award of attorney fees to Morris is

AFFIRMED.