**R.E. VINTILLA, et al., Plaintiffs,**

**v.**

**UNITED STATES STEEL CORPORATION PLAN FOR EMPLOYEE PENSION BENEFITS, Defendant.**

Civ. A. No. 83–1034.

United States District Court,
W.D. Pennsylvania.

Aug. 8, 1986.

Francis X. Cook, Cleveland, Ohio, Gerald F. Wrabley, Pittsburgh, Pa., for plaintiffs.

James T. Carney, Patrick W. Ritchey, Pittsburgh, Pa., for defendant.

## MEMORANDUM

GERALD J. WEBER, District Judge.

Plaintiffs in this action were 25 former management employees of U.S. Steel Corporation employed in its Venezuelan subsidiary, Orinaco Mining Co. They were covered by the United States Steel Corporation Plan for Employee Pension Benefits, and in addition they were entitled to certain benefits under Venezuelan law in the nature of unemployment and severance benefits payable by the employer in a lump sum at the termination of employment.

Venezuela began steps to nationalize the industry which resulted in the retirement of many employees, including the plaintiffs.

U.S. Steel Corp.'s pension plan provided for severance benefits, which, if taken in a lump sum, would be set off against the noncontributory pension benefits until the set off was exhausted. All plaintiffs here chose the lump sum benefit option. Under Venezuelan law, the Steel Company was required to pay these employees the unemployment aid and severance benefits. The total amount so paid by U.S. Steel was about $4,000,000 and several of the within plaintiffs received payments in excess of $200,000 each.

The Plan set off these amounts paid under Venezuelan law as severance benefits under the pension plan against the pension payments. Plaintiffs filed this litigation under ERISA, 29 U.S.C. 1001 et seq., claiming that constituted a forfeiture or wrongful withholding of pension benefits.

In litigation in the Northern District of Ohio, the Court of Appeals for the Sixth Circuit, in this Court and in the Court of Appeals for the Third Circuit, defendant prevailed. Petitions for Certiorari to the United States Supreme Court were denied.

Defendants now move for attorneys fees and expenses pursuant to 29 U.S.C. 1132(g)(1) which provides in pertinent part:

> In any action under this title ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

Guidelines for the exercise of the courts' discretion are provided by judicial interpretation:

(1) The offending party's bad faith or culpability;

(2) The offending party's ability to pay the fee award.

(3) The deterrent effect of an attorney fee award against others acting under similar circumstances.

(4) Whether or not the party requesting attorneys fees seeks to benefit all participants or members of the ERISA plan.

(5) The relative merits of the parties' positions.

*Ursic v. Bethlehem Mines,* 719 F.2d 670 (3d Cir.1983). No single criterian articulated in *Ursic* is decisive. They should be considered in balance and relationship to the others. *Paddack v. Morris,* 783 F.2d 844 (9th Cir.1986).

We will consider these factors with respect to the facts of this litigation.

*Bad Faith or Culpability*

While we cannot ascribe bad faith to plaintiffs' efforts, we do find certain elements of culpability attributable to plaintiffs. Plaintiffs' institution of this lawsuit was a highly speculative venture in view of

the strong adverse precedent of *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981).

Plaintiffs are certainly culpable in their filing of the initial complaint in the Northern District of Ohio contrary to the provisions of the venue statute, 29 U.S.C. 1132(e)(2), in improperly naming U.S. Steel Corp. as a party defendant, and attempting to thwart its removal to this district by extraordinary appellate procedures. Plaintiff compelled the Defendant Plan to expend considerable time and effort to defend against these ill considered actions. Thus, we find an element in favor of the award of counsel fees.

*Ability of Offending Party to Pay Counsel Fees*

Individual plaintiffs received large sums in lump sum severance pay, several of them in excess of $200,000, two in excess of $300,000, for a total in excess of $3,000,000. They hoped to recover this amount again from the Pension Plan.

They were willing to pay expenses estimated at over $50,000 to finance their own litigation, and were aware that the Plan would be compelled to expend a substantial sum to protect the assets of the Plan held for the benefit of other beneficiaries. We find that the 25 plaintiffs are able to pay the defendants' legal fees and costs.

*The Deterrent Effect*

We believe that the deterrent effect will be beneficial upon those who contemplate speculative litigation on thinly based grounds, particularly those whose expectations amount to a double recovery.

*Benefit Resulting to all Participants or Members of the ERISA Plan*

Defendants' actions were all directed to preserving the financial integrity of the Pension Plan. Their efforts saved the Plan from a liability for payment of over $3,000,000 from the Plan funds held for the benefit of all participants. The recovery of the legal expenses incurred will enhance the funds available for all participants.

*Relative Merits*

Plaintiffs' action brought in the Northern District of Ohio was ill conceived, and its strenuous efforts to prevent removal were not justified. The defendants expended fees and costs of $5,337.30 in defending this ill grounded litigation.

With respect to the merits of the actions in this District Court and subsequent appeals, it appears to this court that the controlling precedent was strongly against plaintiffs' claim, and that the continued litigation was highly speculative, and in the final analysis represented an attempt to receive the same benefits twice, in today's parlance "double dipping."

## ORDER

AND NOW, this 8th day of Aug., 1986, it is hereby ordered that the Motion of Defendant United States Steel Corporation Plan for Employee Pension Benefits for an award of reasonable attorney's fees and costs pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), is granted.

It is further ordered that the Plaintiffs shall pay to Defendant Plan fees in the amount of $44,206.48, plus costs of $2,621.20.

It is so ordered.