Betty Jane **MITCHELL,**
Petitioner-Appellant,

v.

**STATE OF IDAHO,**
Respondent-Appellee.

No. 85–4318.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 1, 1986.

Decided April 16, 1987.

---

Thomas H. Borresen, Betty Mitchell, Boise, Idaho, for petitioner-appellant.

Lynn E. Thomas, Boise, Idaho, for respondent-appellee.

Before BROWNING, Chief Judge, WRIGHT, Circuit Judge, and ORRICK,* District Judge.

PER CURIAM:

Betty Jane Mitchell appeals the district court's denial of her petition for a writ of habeas corpus. We affirm.

The State of Idaho contends Mitchell's notice of appeal was untimely. On July 1, 1985 the court filed a "Memorandum Opinion and Order." This eight-page document discussed the facts and law and detailed the reasons for the district court's decision. Such a document does not comply with the requirement of Fed.R.Civ.P. 58 that "[e]very judgment shall be set forth on a separate document." *See Paddack v. Morris,* 783 F.2d 844, 846 (9th Cir.1986). On July 22, 1985, Mitchell filed a "Motion of Appeal of Memorandum Opinion and Order."

On August 8, 1985 Mitchell filed a document entitled "Supplement to Motion, Reconsider Writ of Habeas Corpus."

The district court treated both documents filed by Mitchell as motions under Fed.R.Civ.P. 59 to reconsider or alter and amend the July 1 judgment and denied them in an order filed August 20, 1985. Again, the district court failed to file a separate judgment as required by Fed.R.Civ.P. 58.

On October 9, 1985 Mitchell filed a Notice of Appeal.

The appeal is timely on any interpretation of the facts. If Mitchell's motion of July 22 is treated as a notice of appeal, it was filed well within the 30-day period after the order of July 1, and we would not be deprived of jurisdiction simply because the July 1 order did not comply with the separate judgment rule. *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 385, 98 S.Ct. 1117, 1120, 55 L.Ed.2d 357 (1978) (per curiam). This is true even though appellees do not waive the separate judgment requirement. *Harris v. McCarthy,* 790 F.2d 753, 756 (9th Cir.1986).

The State argues that the district court properly characterized Mitchell's August 8 motion as a motion under Rule 59(a) or (e) to alter or amend the July 1 judgment, and that such a motion would deprive the July 22 notice of appeal of any effect. *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 59–61, 103 S.Ct. 400, 402–03, 74 L.Ed.2d 225 (1982) (per curiam). The August 8 motion was not filed within the time fixed by Fed.R.App.P. 4(a), however, and an untimely Rule 59 motion has no

---

* Honorable William H. Orrick, Jr., Senior United States District Judge, Northern District of California, sitting by designation.

effect. *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264–65, 98 S.Ct. 556, 560–61, 54 L.Ed.2d 521 (1978).

█ Since neither of the two orders entered by the district court (on July 1 and August 20) met the separate judgment requirement of Rule 58, the notice of appeal filed October 9 would be timely, even if the paper Mitchell filed on July 22 was not effective as a notice of appeal. As the Supreme Court said in *Bankers Trust Co.*, 435 U.S. at 385, 98 S.Ct. at 1120, "[t]he 1963 amendment to Rule 58 made clear that a party need not file a notice of appeal until a separate judgment has been filed and entered." *See also Paddack v. Morris*, 783 F.2d 844, 846 (9th Cir.1986); *United States v. Indrelunas*, 411 U.S. 216, 220–22, 93 S.Ct. 1562, 1564–65, 36 L.Ed.2d 202 (1973) (per curiam); *Calhoun v. United States*, 647 F.2d 6, 10 (9th Cir.1981) ("[W]e will strictly enforce the requirement that there be a separate judgment or order ... before we will hold an appeal to be untimely."); *but see Harris*, 790 F.2d at 756 n. 1 (dictum).

The merits of the appeal present no substantial issues, and are discussed in a separate memorandum disposition.

AFFIRMED.