951 F.2d 362
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James SHELTON, Jr., and ABC Custom Cedar Homes Pacific,
Plaintiffs-Appellants,
v.
HAWAII CARPENTERS' PENSION, HEALTH & WELFARE,
APPRENTICESHIP, VACATION & HOLIDAY, AND ANNUITY
TRUST FUNDS, Defendant-Appellee.
 No. 90-16106.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1991.*
Decided Dec. 16, 1991.
 
 Before ALARCON, D.W. NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Shelton appeals the district court's denial of his motion for attorney's fees under section 502(g)(1) of the Employee Retirement Income and Security Act ("ERISA"), 29 U.S.C. § 1132(g)(1). He argues on appeal that the district court's refusal to award fees undermines the purposes of ERISA because it fails to penalize an employee benefit fund's reliance on the statements of a convicted perjurer in deciding to pursue Shelton for contributions to the fund. Because we find that the district court did not abuse its discretion in refusing to award attorney's fees, we affirm the decision of the district court.
 
 
 3
 We may set aside a decision denying attorney's fees in an ERISA action "only if the district court abused its discretion, failed to state the reasons for its decision, or used incorrect legal standards to reach its decision." Hope v. International Brotherhood of Electrical Workers, 785 F.2d 826, 831 (9th Cir.), cert. dismissed, 478 U.S. 1039 (1986). "An abuse of discretion is found only when there is a definite conviction that the court made a clear error of judgment in its conclusion upon weighing relevant factors." Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 452 (9th Cir.1980).
 
 
 4
 This circuit has established guidelines for determining whether a party is entitled to attorney's fees in an ERISA action. The district court should consider, among others, these factors: "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions." Id. at 453. "No one of the Hummell factors, however, is necessarily decisive, and some may not be pertinent in a given case." Carpenters Southern California Administrative Corp. v. Russell, 726 F.2d 1410, 1416 (9th Cir.1984). Following our review of both Judge Kay's findings below and his weighing of the Hummell factors, we conclude that Judge Kay did not abuse his discretion in refusing to award attorney's fees and we accordingly affirm the decision of the district court.
 
 
 5
 As to the first factor, the Funds did not act in bad faith either in defending Shelton's lawsuit or in conducting the litigation. Shelton contends, however, that the Funds' culpability is established by their alleged reliance on statements by union representative Walter Kupau, who had been convicted of perjury in an unrelated proceeding, in making the decision to pursue Shelton for additional trust fund contributions. This contention lacks merit. The court below specifically considered and rejected Shelton's argument, and we are not left with a firm conviction that Judge Kay made a clear error of judgment in reaching this determination for the simple reason that the Funds did not rely entirely--if at all--on the statements of Mr. Kupau.[1] Moreover, Shelton's argument that a failure to find the Funds culpable will undermine the purposes of ERISA is inapposite. It is true that district courts should award attorney's fees consistent with the underlying purposes of ERISA; however, the purposes which fee awards are supposed to further are the protection of employee rights and effective access to federal courts. See Smith v. CMTA-IAM Federal Trust, 746 F.2d 587, 589 (9th Cir.1984). Those purposes are not frustrated by a denial of fees in this case.
 
 
 6
 As to the second factor, Shelton offered no evidence that the Funds could satisfy an award of fees and the district court thus properly declined to consider this factor in its Hummell analysis. See Paddack v. Morris, 783 F.2d 844, 847 (9th Cir.1986) (accepting district court's refusal to make findings as to one of the Hummell factors when the plaintiffs had not met their initial evidentiary burden on the issue). Third, the failure to award fees in this instance will clearly not deter employers from bringing future actions to determine their liabilities under ERISA; employers will continue to have every incentive to clarify their responsibilities under the Act. Moreover, an award of fees is not necessary in order to deter the Funds from either pursuing contributions in similar circumstances or defending comparable actions by employers, because both decisions were made in good faith and designed to protect the interests of employees. See Russell, 726 F.2d at 1416 (noting that "[c]onsideration of the third factor, deterrence, also suggests that fee awards very likely will be less often justified for employers than for trustees.").
 
 
 7
 The first prong of the fourth Hummell factor, protecting the interests of beneficiaries of an ERISA plan, does not apply to this case because here we have an employer seeking to avoid making contributions for his employees. Accordingly, we need consider only whether Shelton sought to resolve a significant legal question regarding ERISA. We concur with the district judge's conclusion that this case involved only the application of disputed facts to a well-settled area of law. Finally, the fifth Hummell factor also supports a refusal to award fees. While it is true that Shelton was the winning party, the Funds' position was neither unmeritorious nor taken in bad faith. See Hope, 785 F.2d at 831 (upholding a refusal to award attorney's fees in part because the losing party's position in the suit was not unmeritorious). "[I]n evaluating the fifth factor ... courts should be careful neither to penalize trustees for seeking to enforce employer obligations under ERISA nor to encourage employers to be indifferent to their obligations." Russell, 726 F.2d at 1416.
 
 
 8
 Because the district court did not abuse its discretion in refusing to award attorney's fees to Shelton, the decision of the district court is affirmed.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Kupau allegedly told a Funds investigator that he believed that certain employees of General Contractor also performed carpentry work for ABC. However, the Funds relied chiefly on the report of an independent auditor in making their decision about Shelton's liability for contributions, and that auditor had obtained information about the activities of the carpenters from other sources as well