15 F.3d 1087
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ruben MARQUEZ, et al., Plaintiffs-Appellees,
v.
GERAWAN RANCHES, et al., Defendants,
and
Thomas E. Campagne, Appellant.
 No. 92-16359.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 17, 1993.
Decided Jan. 10, 1994.
 
 Before: SKOPIL, THOMPSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Thomas E. Campagne, counsel for Marquez, et al. ("Marquez") in the underlying litigation, appeals the district court's imposition of sanctions against him in the amount of $10,000.
 
 JURISDICTION
 
 3
 We have a duty to independently determine whether we have jurisdiction to hear this appeal even though the motions panel denied the motion to dismiss for lack of jurisdiction. Hard v. Burlington Northern R. Co., 870 F.2d 1454, 1458 (9th Cir.1989) (citing United States v. Houser, 804 F.2d 565 (9th Cir.1986); Malone v. Avenenti, 850 F.2d 569 (9th Cir.1988)).
 
 
 4
 28 U.S.C. Sec. 1291 gives the courts of appeals jurisdiction over appeals from "all final decisions" of the district courts. As we stated in Riverhead Savings Bank v. National Mortgage Equity Corp., 893 F.2d 1109 (9th Cir.1990), to come within the Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949) exception to the final judgment rule, allowing appeal from some interlocutory orders, a sanctions order imposed on a non-party attorney must (1) "conclusively determine the disputed question;" (2) "resolve an important issue completely separate from the merits of the action;" and (3) "be effectively unreviewable on appeal from a final judgment." Riverhead Savings Bank, 893 F.2d at 1114 (9th Cir.1990) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978)). This exception is known as the "collateral order doctrine." Riverhead, 893 F.2d at 1114.
 
 
 5
 The first prong of the test is met here because the trial judge conclusively determined the matter by ordering Campagne to "immediately" pay the sanctions.
 
 
 6
 The second prong of the test is also satisfied. The sanctions issue is important and is separate from the merits. Despite Marquez's claims to the contrary, in order to determine whether the district court erred in imposing sanctions, it is not necessary for us to consider whether the court was correct in admitting the videotape into evidence. See, e.g., Riverhead, 893 F.2d at 1114 (holding an award of sanctions for the filing of frivolous counterclaims was separate from the merits because the court did not have to "discuss the merits of the remaining claims in order to determine whether the dismissed claims were frivolous.")
 
 
 7
 The third prong of the test is met because an order imposing sanctions on a non-party attorney must be appealed when imposed and is not appealable after issuance of final judgment. Mesirow v. Pepperidge Farm, Inc., 703 F.2d 339, 345 (9th Cir.1983), cert. denied, 464 U.S. 820 (1983). Accord David v. Hooker, Ltd., 560 F.2d 412, 416 (9th Cir.1977). Therefore, we have jurisdiction to hear this appeal under 28 U.S.C. Sec. 1291, pursuant to the collateral order doctrine.
 
 
 8
 Nor are we barred from exercising jurisdiction because Federal Rules of Civil Procedure 54(a) and 79, requiring every judgment be set forth on a separate document and entered in the civil docket, were not complied with. The rule in this circuit is that even when the appellee asserts, rather than waives, the separate-judgment requirement, if the appellee has not been prejudiced by the failure to comply, "the court should exercise its discretion to hear the appeal." Harris v. McCarthy, 790 F.2d 753, 756-57 (9th Cir.1986). See also Mitchell v. State of Idaho, 814 F.2d 1404, 1405 (9th Cir.1987) ("[We] would not be deprived of jurisdiction simply because the ... order did not comply with the separate judgment rule.") No prejudice has resulted from the district court's failure to comply with Rules 58 and 79(a).
 
 MERITS
 
 9
 We reverse the $10,000 sanction. The district court did not state the basis for imposing the sanction, and no appropriate basis exists.
 
 
 10
 The sanction was not proper under Federal Rule of Civil Procedure 11. In order for Rule 11 sanctions to be imposed, the sanctioned party must have signed the document at issue. See, e.g., Pavelic & LeFlore v. Marvel Entertainment Group, 493 U.S. 120, 124-27 (1989) (holding that the phrase " 'the person who signed' means only the individual attorney" and that the signing attorney's law firm or partners could not be held liable). The sanction cannot be upheld under Rule 11 because Campagne did not sign any discovery responses and cannot be held liable under Rule 11 for responses signed by Giovacchini.
 
 
 11
 The sanction was not proper under Federal Rule of Civil Procedure 16(f), which provides for sanctions for failure to obey a scheduling or pretrial order. The pretrial order required counsel to submit a list of documents the parties expected to offer at trial. Campagne did not list the videotape because at that time the tape was missing and although the defense knew of its existence, it thought it had been lost.
 
 
 12
 The sanction was not proper under Federal Rule of Civil Procedure 37(b)(2), which provides for sanctions for "failure to obey an order to provide or permit discovery." There was no discovery order in this case.
 
 
 13
 The sanction was not proper under the court's inherent power. Imposition of sanctions based on the district court's inherent power requires bad faith conduct. Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980); Zambrano v. City of Tustin, 885 F.2d 1473, 1478 (9th Cir.1989); United States v. Stoneberger, 805 F.2d 1391, 1393 (9th Cir.1986). In this case, the district court made no finding of bad faith and there is no indication in the record that Campagne acted in bad faith.
 
 
 14
 Nor was the sanction proper under Local Rule 110 of the Eastern District of California, because Campagne did not violate any specific order.
 
 
 15
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3