50 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David R. STOBAUGH, Petitioner-Appellant,
v.
Tana WOOD, Respondent-Appellee.
 No. 94-36028.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 23, 1995.
 
 Before: SNEED, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David R. Stobaugh appeals the district court's denial of his motion for reconsideration. Stobaugh contends that the district court mistakenly ruled that he failed to file a timely notice of appeal from the district court's dismissal of his 28 U.S.C. Sec. 2254 petition. We have jurisdiction under 28 U.S.C. Sec. 1291, and we reverse and remand.
 
 A. BACKGROUND
 
 3
 On December 9, 1992, Stobaugh filed a habeas corpus petition pursuant to 28 U.S.C. Sec. 2254. On September 7, 1993, the district court dismissed Stobaugh's petition. On November 4, 1993, after receiving and reviewing the district court's docket information, Stobaugh became aware of the order denying his habeas corpus petition. He addressed a letter to the district court, stating that he had never received the district court's order and inquiring "what position ... the delay [in receiving the order would] put [him] in regarding the notice of appeal pursuant to Fed.R.App.P. 4." On November 24, 1993, Stobaugh filed a "Motion To Reopen The Time To Appeal" pursuant to Fed.R.App.P. 4(a)(6) and a notice of appeal from the district court's denial of his 28 U.S.C. Sec. 2254 petition (hereinafter "first notice of appeal").[1] On February 9, 1994, the district court denied Stobaugh's motion and struck his first notice of appeal as untimely.[2] On June 27, 1994, Stobaugh filed a motion for reconsideration, contesting the timeliness of his first notice of appeal. On August 8, 1994, the district court denied that motion. On September 3, 1994, Stobaugh filed a notice of appeal from the district court's denial of his motion for reconsideration (hereinafter "second notice of appeal").
 
 B. SCOPE AND STANDARD OF REVIEW
 
 4
 Stobaugh acknowledges that this appeal is from the district court's denial of his motion for reconsideration, but suggests that we conduct a de novo review of the jurisdictional issue of whether a timely notice of appeal was filed. Wood argues that abuse of discretion is the proper standard of review since our review is limited to the district court's denial of Stobaugh's motion for reconsideration. We agree.
 
 
 5
 A motion for reconsideration may be either a Rule 59 motion (Amendment of Judgment) or a Rule 60 motion (Relief from Judgment or Order). See United States v. Nutri-Cology, Inc., 982 F.2d 394, 396-97 (9th Cir.1992); Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441-42 (9th Cir.1991) (motion to reconsider can be construed as Rule 60 or Rule 59 motion even when movant brought it under local rules and cited no governing Federal Rules of Civil Procedure); see also Fed.R.Civ.P. 59(e), 60(b). "A motion to alter or amend the judgment shall be served no later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e). A motion on the ground of "mistake, inadvertence, surprise, or excusable neglect" pursuant to Rule 60(b) can be made "within a reasonable time, and ... not more than one year after the judgment, order, or proceeding was entered or taken." Fed.R.Civ.P. 60(b). While a timely Rule 59 motion tolls the time for filing a notice of appeal, a motion under Rule 60(b) has no such effect. See Nutri-Cology, 982 F.2d at 397; see also Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.) (appeal from denial of a Rule 60 motion "brings up for review only that denial and not the underlying judgment"), cert. denied, 493 U.S. 868 (1989). Furthermore, the time for filing a notice of appeal is jurisdictional. See Intel Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 617-18 (9th Cir.1993).
 
 
 6
 Here, the district court entered its order denying Stobaugh's motion to reopen the time for appeal on February 9, 1994, and Stobaugh served his motion for reconsideration of that order on June 23, 1994. Since Stobaugh did not serve his motion for reconsideration within 10 days as required by Fed.R.Civ.P. 59(e), we treat Stobaugh's motion for reconsideration as one brought under Fed.R.Civ.P. 60(b). See Nutri-Cology, 982 F.2d at 396-97; Fuller, 950 F.2d at 1441-42.[3] Since a Rule 60 motion does not extend the time for filing a notice of appeal, Stobaugh's second notice of appeal is timely only with respect to the district court's denial of the motion to reconsider and not as to the district court's prior orders. See Nutri-Cology, 982 F.2d at 986-87; Taylor, 871 F.2d at 805; see also Fed.R.Civ.P. 59(e); 60(b). Thus, we have jurisdiction to review only the district court's denial of Stobaugh's motion for reconsideration. See Intel Corp., 6 F.3d at 617-18.
 
 
 7
 We review the district court's denial of a motion for reconsideration for abuse of discretion. Nutri-Cology, 982 F.2d at 397.
 
 C. THE MOTION FOR RECONSIDERATION
 
 8
 Stobaugh filed a motion for reconsideration, arguing that the district court should have treated the letter that he sent to the district court on November 4, 1993 as a notice of appeal from the district court's dismissal of his habeas corpus petition. The district court denied the motion without stating its reasons. On the record before us, we conclude that the district court erred in its denial.
 
 
 9
 A timely filed notice of appeal is mandatory and jurisdictional. See Intel Corp., 6 F.3d at 617-18; Vernon v. Heckler, 811 F.2d 1274, 1276 (9th Cir.1987). The period for filing a notice of appeal starts from the entry of the judgment appealed from. See Fed.R.App.P. 4(a)(1). "Every judgment must be set forth on a separate document." Fed.R.Civ.P. 58. An opinion or an order issued and entered in the civil docket does not qualify as the separate judgment. See Mitchell v. State of Idaho, 814 F.2d 1404, 1405-06 (9th Cir.1987) (per curiam); Vernon, 811 F.2d at 1276. Further, a party may be relieved from a final judgment or order because of "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1).
 
 
 10
 Here, the district court issued an order adopting the magistrate judge's report and recommendation and dismissing Stobaugh's 28 U.S.C. Sec. 2254 petition. The record does not reveal, however, that the district court ever entered a judgment on a separate document. See Fed.R.Civ.P. 58. Thus, the time for filing the notice of appeal never commenced, and Stobaugh's first notice of appeal was timely regardless whether the letter Stobaugh sent to the district court constituted a notice of appeal. See Mitchell, 814 F.2d at 1405-06; Vernon, 811 F.2d at 1276. The district court abused its discretion in denying Stobaugh's motion for reconsideration because a timely notice of appeal was filed. See Fed.R.Civ.P. 60(b)(1); Nutri-Cology, 982 F.2d at 397.
 
 
 11
 We reverse and remand the case for further proceedings consistent with this decision.
 
 
 12
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Stobaugh's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 4(a)(6) permits the court, upon motion filed within one hundred eighty days of entry of judgment, or within seven days of the receipt of actual notice, whichever is earlier, to reopen the time for appeal for a period of fourteen days from the date of entry of the order granting the motion. Fed.R.App.P. 4(a)(6)
 
 
 [2]
 The district court also ruled that Stobaugh's motion for a certificate of probable cause was moot. On February 15, 1994, Stobaugh filed a request for certificate of probable cause in this court. We denied his request. See Stobaugh v. Wood, No. 94-35143, Order (Feb. 25, 1994)
 
 
 [3]
 Although Stobaugh filed the motion for reconsideration pursuant to the Western District's Local Civil Rule 7(e), he seems to concede that his motion could have been brought under Fed.R.Civ.P. 60(b). Further, Fed.R.Civ.P. 60(b) does not conflict with the Local Civil Rule 7(e). Rule 7(e) states that a motion for reconsideration "shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." Wash.Western District's Civ.R. 7(e)(2)