106 F.3d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald GIN, Plaintiff-Appellant,
v.
CHICAGO INSURANCE COMPANY, Defendant-Appellee.
 No. 95-16520.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 9, 1996.
Decided Jan. 14, 1997.
 
 Before: WIGGINS, BRUNETTI, T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gin and his attorney appeal from an award of sanctions under Rule 11 and attorney fees under 28 U.S.C. § 1927 (the "Sanctions Orders") arising from an allegedly frivolous insurance claim. Plaintiff also appeals from the underlying judgment. Jurisdiction is proper under 28 U.S.C. § 1291 for those orders which were timely appealed. We affirm the awards of sanctions and attorney fees and dismiss the untimely appeal from summary judgment for lack of jurisdiction.
 
 
 3
 The underlying lawsuit arose out of the theft of Defendant Gin's Porsche. Gin had two insurance policies covering the car, both sold by the same agent. A Lloyd's of London policy covered direct and accidental loss to the vehicle, including theft. Defendant Chicago Insurance Company ("CIC") issued a policy primarily covering liability insurance.
 
 
 4
 Gin sued both Lloyd's and CIC, alleging in the complaint that both insurers failed to provide coverage for the theft of his car. CIC's policy indisputably provided no theft coverage. Gin's sole theory of recovery against CIC argued on summary judgment was a new one--that CIC's policy covered vandalism and that his car had been vandalized before it was ultimately recovered.
 
 
 5
 The Declarations Page for CIC's policy contained a grid of coverages, liability limits and premiums. Under Section D, one coverage was "Combined Additional." The "Combined Additional" coverage includes coverage for vandalism. Under the "Limits of Liability" column for "Combined Additional," the phrase "UMPD" was entered. The premiums column reflected $17 was paid.
 
 
 6
 CIC argued on summary judgment that "UMPD" clearly meant "uninsured motorist property damage," and therefore the $17 was for UMPD, not for "Combined Additional," coverage. The policy contained an Uninsured Motorists Property Damage Coverage Endorsement. Nonetheless, the Declarations Page had no specific location for uninsured motorist property damage ("UMPD"). Its row titled "Uninsured Motorist" was defined to be for bodily injury from acts of an uninsured motorist. Moreover, the blank spaces in that row were filled in to reflect Gin's coverage for such bodily injury, so it could not have been used for "UMPD" coverage.
 
 
 7
 On July 14, 1994, the district court granted summary judgment in favor of CIC finding that the policy could not reasonably be construed to cover vandalism. Later, on February 18, 1995, it granted CIC's motion both for sanctions under Rule 11 and fees under 28 U.S.C. § 1927, but it did not determine the amounts of the awards. On May 1, the district court ordered Gin to pay CIC $2,389 under Rule 11 and $29,117.82 in costs and attorney fees. On May 10, CIC wrote for "clarification" as to whether Gin, Gin's counsel, or both were liable for the awards. On June 13, the court "amended" its order to make Gin's counsel jointly liable for the Rule 11 award and to make Gin's counsel solely liable for the fees under § 1927. This appeal followed.
 
 
 8
 I. Only the Sanctions Orders Were Timely Appealed
 
 
 9
 CIC contends that only the June 13 Order was timely appealed. The limitations on the time to appeal are "mandatory and jurisdictional." Browder v. Director, Ill. Dep't. of Corrections, 434 U.S. 257, 264, 98 S.Ct. 556, 561 (1978).
 
 
 10
 A private party has only thirty (30) days to appeal a judgment or an order, although the district court may extend the time for a further 30 days. Fed.R.App.P. 4(a)(1), (5). Appellants received such an extension to file "an appeal" by August 14, 1995. On August 9, they filed a Notice of Appeal that objected to the 1994 summary judgment as well as the three 1995 sanctions orders (dated February 18, May 1, June 13).
 
 
 11
 For the reasons stated below, we reject CIC's contention that Appellants' request for an extension of time to appeal covered only the June 13 Order. We conclude that Appellants timely appealed the three sanctions orders, but not the 1994 summary judgment order.
 
 A. 1994 Summary Judgment Order
 
 12
 Appellants argue that all four motions were timely appealed because Fed.R.App.P. 4(a)(4) tolls the time to appeal until after the last of certain post-trial motions are resolved. Appellants state that one of these post-trial motions is a "motion for attorney's fees" under Rule 54(d)(2), so any appeal had to wait until after June 13, 1995.
 
 
 13
 Rule 54(d)(2) does not apply, however, to claims for an award of attorney's fees and expenses as sanctions under the Federal Rules or under 28 U.S.C. § 1927. Fed.R.Civ.P. 54(d)(2)(E). Accordingly, Rule 4(a)(4) did not toll the time to appeal the 1994 Summary Judgment Motion.[1] Wages v. I.R.S., 915 F.2d 1230, 1234 (9th Cir.1990) (refusing to review underlying judgment on a timely appeal of sanctions award). Thus, the time for a timely appeal of the summary judgment had passed before August 9, 1995.
 
 
 14
 We further reject Appellants' argument that the summary judgment order was not final because its award of "costs" was duplicated in the sanctions orders. The summary judgment is independent from any award of costs. Intel Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 617 (9th Cir.1993).
 
 
 15
 Accordingly, we have no jurisdiction over the appeal as to the summary judgment.
 
 B. Sanctions Orders
 
 16
 CIC contends that Gin did not timely appeal the Rule 11 sanctions and the § 1927 attorneys' fees because they were awarded by the February 8 Order. The May 1 and June 13 Orders only determined the amount of sanctions.
 
 
 17
 The February 8 Order was not final until the May 1 Order issued. Fed.R.App.P. 4(a)(4); Kennedy v. Applause, Inc., 90 F.3d 1477, 1483 (9th Cir.1996) (holding an attorney fees award is not appealable until the amount of the award is set); Jenson Elec. Co. v. Moore, Caldwell, Rowland & Dodd, Inc., 873 F.2d 1327, 1329 (9th Cir.1989).
 
 
 18
 We believe that CIC's May 10 letter should be viewed as a timely motion to amend under Fed.R.Civ.P. 59(e). Bordello v. Reyes, 763 F.2d 1098, 1102 (9th Cir.1985) (noting that courts may examine the real nature of motions to sustain jurisdiction liberally). The June 13 Order, ruling on the May 10 letter, stated that it "amended" the award of sanctions to make Gin's counsel jointly responsible and the award of attorneys' fees to make Gin's counsel, not Gin, entirely responsible. The May 10 letter then tolled the time to appeal both orders until after its request for amendment was resolved by the June 13 Order. The 30-day time period to appeal, and to secure a possible extension under Fed.R.App.P. 4(a)(5), started anew after the June 13 Order. Whittaker v. Whittaker Corp., 639 F.2d 516, 520 (9th Cir.1981). Because the appeal was filed within the extension after the June 13 Order, Appellants timely appealed all three sanctions-related orders. Paddack v. Morris, 783 F.2d 844, 846 (9th Cir.1986).
 
 
 19
 III. Both the Rule 11 and § 1927 Sanctions Were Proper
 
 
 20
 In Rule 11 cases, factual findings are reviewed for clear error, the determination of a violation is reviewed de novo, and the choice of sanction is reviewed for abuse of discretion. Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1177 (9th Cir.1996). An award of attorney fees under 28 U.S.C. § 1927 is reviewed for abuse of discretion. Air Separation, Inc. v. Lloyd's of London, 45 F.3d 288, 291 (9th Cir.1995).
 
 A. Rule 11 Sanctions
 
 21
 Rule 11 sanctions shall be imposed if a paper filed in the district court and signed by an attorney is frivolous, legally unreasonable, or without factual foundation. Simpson, 77 F.3d at 1177. Appellants contend they are being improperly sanctioned because "frivolousness" is not a basis for sanctions under Rule 11.[2] Rule 11 does require a belief after reasonable inquiry that the factual contentions have evidentiary support. Fed.R.Civ.P. 11(b)(3).
 
 
 22
 In fact, the sole ground for the sanctions was well within the scope of Rule 11--that the complaint against CIC alleged failure to provide coverage for theft when in fact the policy did not include theft coverage. The district court concluded a reasonable pre-filing investigation would have revealed that Lloyd's policy covered theft to Gin's car, while CIC insured liability and uninsured motorist accidents. Further, any reading of CIC's policy would have revealed that it did not cover theft, and that no premiums were charged for theft coverage.
 
 
 23
 Accordingly, Appellants' argument fails. Appellants ignore the actual ground for the Rule 11 sanctions--the complaint's unsupportable allegation that CIC covered theft of Gin's car. Instead, they attempt to rehash the argument that the policy clearly covered vandalism. Appellants' contention incorrectly assumes the sanction is for the vandalism-coverage argument. In sum, Appellants offer no reason the actual grounds for the Rule 11 sanctions were insufficient.
 
 B. Attorney Fees Under 28 U.S.C. § 1927
 Section 1927 states, in pertinent part:
 
 24
 An attorney ... who multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.
 
 
 25
 18 U.S.C. § 1927. Unlike Rule 11, § 1927 requires bad faith by the attorney. Soules v. Kauians for Nukolii Campaign Comm., 849 F.2d 1176, 1185 (9th Cir.1988). Bad faith includes knowingly or recklessly making a frivolous argument. Estate of Blas v. Winkler, 792 F.2d 858, 860 (9th Cir.1986).
 
 
 26
 Gin's theory of recovery was frivolous because it insisted upon an unreasonable, strained interpretation of CIC's policy to cover vandalism. This argument was without merit. Gin's matching of the $17 premium to preprinted "Combined Additional," disregards of the presence of the typed-in "UMPD" in the same row and is not a reasonable reading of the Declarations Page. It is nonsensical to read the policy to say that the $17 premium purchased "Combined Additional" coverage in the amount of "UMPD." Given the language of the policy itself, the district court did not abuse its discretion in finding that any argument about coverage for post-theft vandalism must have been in bad faith.
 
 
 27
 Appellants' frivolous argument resulted in prolonging the litigation. Appellants made the vandalism-coverage argument in correspondence, a Settlement Conference statement, a CMC statement, and a summary judgment motion. Moreover, the vandalism-coverage claim was substituted for the original theft-coverage allegation. The summary judgment hearing would have been unnecessary had not the Appellants insisted on their frivolous arguments. Thus, Appellants multiplied and delayed the proceedings in violation of § 1927.
 
 
 28
 We also reject the contention by Gin's counsel that the sanctions were excessive, determined without an opportunity to contest the reasonableness of fees, and made against him without a properly noticed motion. These arguments are themselves frivolous. While the February 18 and May 1 orders imposed sanctions on "plaintiff," they clearly set forth misconduct by Gin's counsel as well. Further, the February 18 Order quoted § 1927's application to attorney conduct. Between February 18 and May 1, the reasonableness of CIC's fees claims were fully briefed by both parties. Finally, Gin's counsel cannot state how it could have avoided personal liability even if it wrote another brief to the district court, and in fact, he raises no valid arguments in the appeal briefs against the sanctions. The June 13 Order merely corrected the previous orders to allocate liability to Gin and Gin's counsel as each deserved. Thus, the court did not abuse its discretion in its award of fees under § 1927.
 
 CONCLUSION
 
 29
 We do not review the untimely appeal from summary judgment. We affirm both the Rule 11 sanctions and the award of attorney fees under 28 U.S.C. § 1927.
 
 
 30
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Similarly, Defendants are wrong that Civil Procedure Rule 54(b) delayed finality (and appealability) of the summary judgment until after the attorney fees order on June 13, 1995. Beaudry Motor Co. v. Abko Properties, Inc., 780 F.2d 751, 755 (9th Cir.) (stating Rule 54(b) does not apply to motions for attorney fees), cert. denied, 479 U.S. 825 (1986)
 
 
 [2]
 Appellants' sole citation is to Locomotor USA, Inc. v. Korus Co., Inc.. For that case, they provides the citation of 46 F.3d 1142 (9th Cir.1995), but that citation is only to a published table listing unpublished memorandum dispositions. Locomotor specifically states that is not citable as precedent. 1995 WL 7498 (Jan. 6, 1995). Hence, their citation is wholly improper, and we ignore it. Moreover, their contention is contrary to Rule 11 itself