110 F.3d 67
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Martin C. CURNOW, Plaintiff-Appellant,
v.
WSP MEDICAL STAFF; Dr. Fleck; Ronald Pryhorock; Barbara
Croft, Defendants-Appellees.
 No. 95-35321.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 3, 1997.
Decided March 31, 1997.
 
 Before: WRIGHT, WALLACE and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Washington prisoner Martin Curnow appeals the district court's summary judgment grant ending his 42 U.S.C. § 1983 action. Curnow's complaint alleged that prison medical staff violated his Eighth Amendment rights by their deliberate indifference to his need for cardiac surgery.[1] We affirm.
 
 
 3
 We reject defendants' contention that Curnow filed an untimely notice of appeal. The district court failed to enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. The ten-page order that the district court filed in granting defendants' motion for summary judgment and dismissal, which "discussed the facts and law and detailed the reasons for the district court's decision," did not satisfy the separate judgment requirement of Rule 58. Mitchell v. Idaho, 814 F.2d 1404, 1405-06 (9th Cir.1987). Curnow's appeal was timely because "a party need not file a notice of appeal until a separate judgment has been filed and entered." Bankers Trust Co. v. Mallis, 435 U.S. 381, 385 (1978); see also In re Schimmels, 85 F.3d 416, 422 (9th Cir.1996).
 
 
 4
 In any event, the government cannot show prejudice as a result of Curnow's purportedly untimely filing. See Harris v. McCarthy, 790 F.2d 753, 756-57 (9th Cir.1986). We therefore turn to the merits of Curnow's claim.
 
 
 5
 To survive summary judgment, Curnow must raise a genuine issue of material fact as to whether the defendants committed "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). He has not done so. To the contrary, the record indicates that defendants were reasonably responsive to Curnow's needs, and were not responsible for the principal delays Curnow suffered in receiving proper cardiac treatment. The facts, viewed in the light most favorable to Curnow, established at most that he received poor treatment, which is insufficient under traditional Eighth Amendment analysis. See id. ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 This case was very ably argued by University of Idaho law student Stephen Noel, under the supervision of Professor Maureen Laflin