**R.F. VERNON, Plaintiff-Appellant,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 85–2562.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 1987.

Decided March 3, 1987.

As Amended on Denial of Rehearing May 4, 1987.

---

**2.** This holding does not affect any action by Melwire *in personam* against the owner of *An-*     *tibes.*

R.F. Vernon, in pro per.

David R. Mazzi, San Francisco, Cal., for defendant-appellee.

Before CHAMBERS, NELSON and NOONAN, Circuit Judges.

NELSON, Circuit Judge:

This case presents two jurisdictional issues: whether Vernon filed a timely notice of appeal and whether the district court correctly dismissed Vernon's action for supplemental Social Security income on the ground that it lacked jurisdiction to hear a suit filed after the expiration of the 60–day limit prescribed in 42 U.S.C. § 405(g) (1982). We conclude that Vernon's notice of appeal was timely and that the 60–day period in § 405(g) is not jurisdictional. Accordingly, we reverse and remand.

## I. BACKGROUND

On April 18, 1984, an administrative law judge issued a decision denying Vernon's claim for supplemental security income. On August 24, 1984, the Appeals Council mailed Vernon a notice of its decision denying Vernon's request for review of the ALJ's decision. The notice stated that Vernon could seek review of the Secretary's decision in district court within 60 days of receiving the notice. Vernon is presumed to have received the notice on August 29, *see* 20 C.F.R. § 422.210(c), and he actually received the notice on or before August 31.

After consulting with several attorneys, none of whom would agree to bring the action, Vernon decided to proceed by himself. He concedes that on October 26, 1984, he knew that the deadline for filing suit in district court was October 29, 1984.[1] On October 29, 1984, as he was rushing to assemble the necessary materials to file a complaint that afternoon, a Social Security Administration employee allegedly told Vernon: "Don't worry; they'll give you an extension." Vernon assumed that the employee meant that the district court would grant the extension for filing and thus did not apply for an extension from the Appeals Council under 42 U.S.C. § 405(g) and

---

1. Because the sixtieth day, October 28, was a Sunday, Vernon's complaint was not due until the following day. *See* Fed.R.Civ.P. 6(a).

20 C.F.R. § 416.1482. On November 2, 1984, more than 60 days after receiving the Appeals Council's notice, he filed the action in district court.

The district court dismissed the complaint for lack of jurisdiction. The court held that the 60–day limit in § 405(g) is jurisdictional and that it thus could not use equitable principles to cure a jurisdictional defect. It noted that Vernon could still apply for an extension from the Appeals Council and, if granted, refile his complaint in the district court. The district court's order was filed on May 28, 1985. Vernon filed notice of appeal on August 26, 1985.

## II. APPELLATE JURISDICTION

The government argues that this court lacks jurisdiction to hear this appeal. It asserts that Vernon filed notice of appeal 28 days after the expiration of the 60–day period allowed by Fed.R.App.P. 4(a)(1). We disagree.

■ The filing of a timely notice of appeal is " 'mandatory and jurisdictional.' " *Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978) (quoting *United States v. Robinson,* 361 U.S. 220, 229, 80 S.Ct. 282, 288, 4 L.Ed.2d 259 (1960)); *Beaudry Motor Co. v. Abko Properties, Inc.,* 780 F.2d 751, 754 (9th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 100, 93 L.Ed.2d 51 (1986). The period for filing a notice of appeal begins upon "entry" of the judgment or order appealed from. Fed.R. App.P. 4(a)(1). A judgment or order is not entered within the meaning of Rule 4(a) unless it is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure. *Calhoun v. United States,* 647 F.2d 6, 8 (9th Cir.1981); Fed.R. App.P. 4(a)(6). The requirements of these rules must be "mechanically applied." *United States v. Indrelunas,* 411 U.S. 216, 222, 93 S.Ct. 1562, 1565, 36 L.Ed.2d 202 (1973) (per curiam). Absent compliance with these requirements, "a party will not ordinarily be found to have exceeded any of the time periods set forth in Fed.R. App.P. 4(a)." *Calhoun,* 647 F.2d at 8.

In this case, the record does not reveal compliance with Fed.R.Civ.P. 58, which requires that "[e]very judgment shall be set forth on a separate document." A sheet containing the judgment, usually prepared by the clerk, must be "distinct from any opinion or memorandum." Fed.R.Civ.P. 58 advisory committee note. Here, although the district court issued an order, which was entered in the civil docket and mailed to the parties, there was no separate document setting forth the judgment of the district court.

■ This case falls squarely within *Paddack v. Morris,* 783 F.2d 844 (9th Cir.1986). In *Paddack,* the trial court issued a seven-page "Order," which outlined the facts, law, and legal analysis, and the clerk later entered a five-line "Supplemental Judgment" reaffirming the Order. This court held that the filing of the Supplemental Judgment, not the filing of the Order, constituted "entry" of a separate document for the purposes of Fed.R.App.P. 4(a)(1). *Id.* at 846. In our case, the lower court issued a four-page "Order" outlining the facts, law, and legal analysis, but the record reveals no separate judgment. Therefore, the 60–day notice period never commenced, and Vernon's notice is timely.

■ Although a timely notice of appeal is jurisdictional, the existence of a properly entered separate judgment is not a necessary prerequisite to appellate jurisdiction under 28 U.S.C. § 1291. *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 383–84, 98 S.Ct. 1117, 1119–20, 55 L.Ed.2d 357 (1978) (per curiam); *Taylor Rental Corp. v. Oakley,* 764 F.2d 720, 722 (9th Cir.1985). The parties may waive the separate-judgment requirement by failing to object on that ground to the taking of appeal. *Bankers Trust,* 435 U.S. at 386–88, 98 S.Ct. at 1120–21; *Calhoun,* 647 F.2d at 11. In this case, the government objected to the timeliness of Vernon's appeal, but not to the absence of a separate judgment. Therefore, this court may assume jurisdiction over this appeal and need not engage in the pointless exercise of dismissing the appeal and wait-

ing for the district court clerk to enter a separate judgment before hearing the appeal. *See Bankers Trust,* 435 U.S. at 385, 98 S.Ct. at 1120 ("Wheels would spin for no practical purpose.").

## III. JURISDICTION IN THE DISTRICT COURT

Section 405(g) of title 42 provides that a Social Security claimant may obtain review of a "final" decision of the Secretary of Health and Human Services by "a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow." 42 U.S.C. § 405(g) (1982). "Mailing" is construed as the date of receipt of the notice, which is presumed to occur five days after the date of the notice. 20 C.F.R. § 422.210(c). Vernon filed the complaint four days late—on the sixty-fifth day after the date on which he presumptively received the notice (August 29, 1984). Assuming that actual receipt of the notice occurred as late as August 31, the complaint was still two days late.

■ The district court's holding that the 60–day limit in § 405(g) is jurisdictional is incorrect. The 60–day period is not jurisdictional, but instead constitutes a statute of limitations. *Mathews v. Eldridge,* 424 U.S. 319, 328 n. 9, 96 S.Ct. 893, 899 n. 9, 47 L.Ed.2d 18 (1976); *Weinberger v. Salfi,* 422 U.S. 749, 763–64, 95 S.Ct. 2457, 2465–66, 45 L.Ed.2d 522 (1975). The only jurisdictional requirement of § 405(g) is that there be a "final" decision of the Secretary after the claim for benefits has been presented to the Secretary, *see Mathews,* 424 U.S. at 328, 96 S.Ct. at 899, a requirement that is clearly satisfied in this case.[2] The Supreme Court recently reiterated these propositions and held that, as a statute of limitations, the 60–day period is subject to equitable tolling. *Bowen v. City of New York,* —— U.S. ——, 106 S.Ct. 2022, 2029–31 & n. 10, 90 L.Ed.2d 462 (1986).

In the district court's defense, prior to the decision in *Bowen* there was arguably some doubt concerning the Supreme Court's position on whether the 60–day limit is jurisdictional, notwithstanding the statements in *Mathews* and *Salfi. See City of New York v. Heckler,* 742 F.2d 729, 737–38 (2d Cir.1984) (discussing differing indications), *aff'd,* —— U.S. ——, 106 S. Ct. 2022, 90 L.Ed.2d 462 (1986). *Compare Lopez v. Heckler,* 725 F.2d 1489, 1505 (9th Cir.) (60–day period is not jurisdictional), *vacated on other grounds,* 469 U.S. 1082, 105 S.Ct. 583, 83 L.Ed.2d 694 (1984), *with id.* at 1510–11 (Boochever, J., concurring) (60–day period is jurisdictional). *Bowen,* however, unambiguously dispels any doubts on this issue.

*Bowen* was decided after the district court dismissed Vernon's action and during the pendency of this appeal. Even if the *Bowen* holding is viewed as a change in law—which the *Bowen* Court itself did not believe to be the case, *see Bowen,* 106 S.Ct. at 2029 n. 10—this court must apply *Bowen,* the law in effect at the time it renders its decision, because there is no manifest injustice to the government in doing so. *See Bradley v. School Bd.,* 416 U.S. 696, 711, 715, 94 S.Ct. 2006, 2016, 2018, 40 L.Ed.2d 476 (1974); *Thorpe v. Housing Auth.,* 393 U.S. 268, 282, 89 S.Ct. 518, 526, 21 L.Ed.2d 474 (1969).

The government now concedes that the 60–day period is not jurisdictional, but argues that the decision should be affirmed on the ground that Vernon has failed to show that the circumstances of this case are sufficient to estop the government from asserting the defense of statute of limitations. This court may affirm on any basis supported by the record. *United States v. County of Humboldt,* 628 F.2d 549, 551 (9th Cir.1980).

Vernon indeed faces formidable obstacles in establishing that the government should be estopped from asserting the statute-of-limitations defense. *See Heckler v. Com-*

---

**2.** Vernon has exhausted his administrative remedies by challenging the decision to the Appeals Council. *Bowen v. City of New York,* —— U.S.

—— , 106 S.Ct. 2022, 2025, 90 L.Ed.2d 462 (1986).

*munity Health Servs.,* 467 U.S. 51, 59–61 & nn. 12, 13, 104 S.Ct. 2218, 2223–25, nn. 12, 13, 81 L.Ed.2d 42 (1984) (indicating that estoppel may lie against the government if the traditional elements of estoppel are present and there is governmental "misconduct" or "deception"); *id.* at 67, 104 S.Ct. at 2227 (Rehnquist, J., concurring) (noting that "it is still an open question whether, in some future case, 'affirmative misconduct' on the part of the Government might be grounds for an estoppel"); *Schweiker v. Hansen,* 450 U.S. 785, 788–90, 101 S.Ct. 1468, 1470–72, 67 L.Ed.2d 685 (1981) (per curiam); *Morgan v. Heckler,* 779 F.2d 544, 545–46 (9th Cir.1985).

The task of showing a basis for equitably tolling the statute of limitations may also prove to be daunting. *Compare Bowen,* 106 S.Ct. at 2030 (noting that tolling may be appropriate in "the rare case such as this," where the government's secretive conduct prevented plaintiffs from learning of their rights), *with id.* at 2030 n. 12, 2033 (noting that " 'hard' cases may arise" and observing that equitable tolling in this case is supported by "fairness concerns" underlying the regulations allowing the Secretary to grant extensions in situations "where the claimant misunderstands the appeal process or is unable timely to collect necessary information, or where the Secretary undertook action that 'misled' the claimant concerning his right to review").

■ The affirmative defense of statute of limitations, however, is properly raised in a responsive pleading. Fed.R.Civ.P. 8(c). The government has only moved to dismiss and has not yet filed an answer. In certain situations, the statute-of-limitations defense may be raised in a motion to dismiss when the running of the statute is apparent from the face of the complaint. *Conerly v. Westinghouse Elec. Corp.,* 623 F.2d 117, 119 (9th Cir.1980). Yet such a motion to dismiss should be granted " 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.' " *Id.* (quoting *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir.1980)).

In this case, viewing Vernon's *pro se* materials liberally, the statute-of-limitations issue is not so clear-cut as to justify its resolution in this court prior to affording Vernon the opportunity to delineate further a factual basis for estoppel or equitable tolling. On remand, the issue may be tested on summary judgment pursuant to Fed.R. Civ.P. 12(b) or after a responsive pleading has been filed. *See Morgan,* 779 F.2d at 545 (affirming grant of summary judgment on estoppel issue). We therefore decline to dispose of this case on the alternative ground urged by the government.

We observe that the parties, this court, and the district court might have been spared the need to litigate these nonsubstantive jurisdictional issues had Vernon formally requested an extension of time for filing. The regulations governing the Secretary's decision on such requests state that the time period "will be extended" upon a showing of "good cause." 20 C.F.R. § 416.1482. The determination of "good cause" includes the following factors:

(1) What circumstances kept you from making the [filing] on time;

(2) Whether our action *misled you*;

. . .

(b) Examples of circumstances where good cause may exist include, but are not limited to, the following situations:

. . .

(6) We gave you incorrect or *incomplete* information about *when* and how . . . to file a civil suit.

20 C.F.R. § 416.1411 (emphasis added). Although a claimant apparently need not request an extension from the Secretary prior to raising an estoppel or equitable tolling argument, *see Bowen,* 106 S.Ct. 2022 (no such request apparently made by members of class), such a request might have averted the need for this litigation.

## CONCLUSION

Vernon's notice of appeal was timely because the judgment was not entered on a separate document as required by Fed.R.

App.P. 4(a)(6) and Fed.R.Civ.P. 58. The district court erred in holding that the 60–day period in § 405(g) is jurisdictional.

REVERSED and REMANDED.