925 F.2d 1469
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Charles W. ANSHEN, Plaintiff-Appellant,
v.
JEFFERIES & COMPANY, INC. Defendant-Appellee.
 No. 89-56167.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 3, 1990.*
Decided Feb. 21, 1991.
 Before WILLIAM A. NORRIS, CYNTHIA HOLCOMB HALL and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Anshen appeals denial of his motion to vacate an arbitration award. We have jurisdiction pursuant to 18 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 * On January 3, 1984, Charles Anshen ordered 100,000 shares of Braniff International Corporation from defendant stockbroker Jefferies & Co. Although Jefferies purchased the shares and credited them to Anshen's account on January 12, 1984, it was unable to immediately deliver the certificates.
 
 
 4
 Braniff Corp. had been in a Chapter 11 bankruptcy reorganization proceeding since May 1982. From June through September 1983, it was widely publicized that if a reorganization plan were approved, Braniff shareholders would receive one share of the reorganized company for each 125 shares of their Braniff common stock, and would own only 1.7% of the reorganized company. On December 16, 1983, about three weeks before Anshen's purchase, Braniff and Hyatt Corp. announced that, in accordance with the bankruptcy court's reorganization plan, a newly-formed concern, Dalfort Corp., would take over Braniff's airline operations. On March 24, 1984, a mandatory exchange took place of one share of Dalfort common stock for each 123.747 shares of outstanding Braniff common stock.
 
 
 5
 Jefferies claims that the reorganization and exchange resulted in delays in delivery of Braniff stock certificates. On May 15, 1984, Jefferies attempted to deliver certificates for 808 shares of Dalfort to cover Anshen's purchase of Braniff stock. Anshen refused to accept the Dalfort certificates.
 
 
 6
 Anshen brought action for violation of the Securities Acts of 1933 and 1934, breach of contract and fraud. He demanded that Jefferies either deliver Braniff certificates to him or return his purchase price. The district court ordered the case to industry arbitration, but retained jurisdiction. The arbitration panel dismissed all of Anshen's claims without comment.
 
 
 7
 Anshen filed a Motion to Vacate the Arbitration Award, which the district court denied on August 21, 1989, finding that the motion was untimely, that the arbitrators were not guilty of misconduct, and that they had not exceeded their powers. Anshen filed a Notice of Appeal on October 10, 1989 to which Jefferies responded by filing a Motion to Dismiss on the grounds that the appeal was untimely. A motions panel denied Jefferies' motion.
 
 
 8
 On this appeal, Anshen argues that his Motion to Vacate and his Notice of Appeal are timely. He also argues that the arbitrators acted irrationally and in manifest disregard of the law in dismissing his claims.
 
 II
 
 9
 We review de novo whether an appellant has filed a timely appeal, despite a prior ruling by a motions panel. Hard v. Burlington N.R.R. Co., 870 F.2d 1454, 1458 (9th Cir.1989) ("[T]he merits panel has an independent duty to examine jurisdictional questions.... [T]he time for filing an appeal is 'mandatory and jurisdictional.' ").
 
 
 10
 Jefferies argues that pursuant to Fed.R.App.P. 4(a), the appeal is untimely because it was not filed within 30 days of the entry of the district court's judgment. We agree with the motions panel's determination that based upon Vernon v. Heckler, 811 F.2d 1274 (9th Cir.1987), Jefferies' argument fails.
 
 
 11
 Vernon holds that a "judgment or order is not entered within the meaning of Rule 4(a) unless it is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure." Id. at 1276. Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Here, as in Vernon, although the parties received an Order from the district court which outlined the basis for the court's decision, no document sufficient to comply with Fed.R.Civ.P. 58 was filed. The document must be a separate sheet containing the judgment, usually prepared by the clerk, and it must be "distinct from any opinion or memorandum." Allah v. Superior Ct., 871 F.2d 887, 890 (9th Cir.1989). Anshen's appeal therefore can be considered timely.
 
 III
 
 12
 Applying Federal law, the district court determined that Anshen's Motion to Vacate the Arbitration Award, filed 101 days after issuance of the award, was untimely. Under Federal law, a party to an arbitration proceeding has 90 days to move to vacate the award. Thus, the district court's determination was correct.
 
 
 13
 On appeal, Anshen argues for the first time that the California statute of limitations for petitioning to vacate arbitration awards, Cal.Civ.Proc.Code Sec. 1288 (Deering 1981), applies to his Motion to Vacate, rather than the Federal statute of limitations, 9 U.S.C. Sec. 12. Under California law, a party has 100 days to file his motion, unless the final day is a holiday or falls on a weekend, in which case the party has 101. Since the 100th day for Anshen to petition the court was a Sunday, Anshen's petition was timely filed if California law applies.
 
 
 14
 We need not decide, however, the issue of which statute of limitations applies. As Jefferies points out, Anshen never raised this issue below. Throughout the lower court proceedings, he represented to the district court that Federal law applied. In his Motion to Vacate, Anshen stated that he "will bring this motion to vacate arbitration award [sic] under 9 USC 10(c) & (d) for hearing." Furthermore, Anshen failed to comply with the state law requirement that a petition to vacate "set forth the substance of or have attached a copy of the agreement to arbitrate." Cal.Civ.Proc.Code Sec. 1285.4 (Deering 1981).
 
 
 15
 Anshen cannot have it both ways. In the lower court, he proceeded under the assumption that the Federal statute of limitations controlled his motion, arguing that it was inapplicable to his specific situation. After losing his argument in the district court, he suddenly argues that California law applies to his motion, yet his motion never mentioned California law, nor did it fully comply with California procedural requirements. Under these circumstances, we affirm the district court's conclusion.
 
 IV
 
 16
 Even if we were to assume that Anshen's Motion to Vacate had been timely filed, we see no basis for vacating the arbitration award. The scope of review for an arbitrator's decision is "extremely narrow." Pack Concrete, Inc. v. Cunningham, 866 F.2d 283, 285 (9th Cir.1989). "An arbitrator's decision must be upheld unless it is 'completely irrational,' ... or constitutes a 'manifest disregard of the law.' " French v. Merrill Lynch, Pierce, Fenner & Smith, 784 F.2d 902, 906 (9th Cir.1986).
 
 
 17
 The arbitration panel's dismissal of Anshen's claims was correct. Anshen first claims that Jefferies failed to purchase the Braniff shares that he ordered. His monthly account statements and stock receipt demonstrate, however, that Jefferies purchased and credited the shares of Braniff to his account.
 
 
 18
 Second, Anshen claims that Jefferies failed to deliver the Braniff certificates, offering him instead "alien" shares in Dalfort. This argument also fails, since Jefferies' delivery of Dalfort certificates reflected the bankruptcy court's order that Braniff stock be exchanged for Dalfort, and represented the economic equivalent of the nonexistent Braniff stock.
 
 
 19
 Third, Anshen wishes to hold Jefferies liable for the delay in offering Anshen any certificates. Although the record shows that Anshen requested the certificates after purchasing the stock, there is no indication that the Braniff stock was purchased on the condition that Anshen promptly receive the certificates. Moreover, Anshen fails to challenge Jefferies' plausible, good-faith explanation for not delivering the Braniff certificates, that Braniff certificates were unavailable due to the reorganization.
 
 
 20
 Furthermore, Anshen has failed to demonstrate any harm suffered. When it became clear that Anshen wanted delivery of the Braniff certificates, Jefferies offered to repurchase the Braniff stock from him at a price above that which Anshen had paid. In addition, although delivery of the certificates was delayed, the shares were credited at all times to Anshen's account.
 
 V
 
 21
 Under the Federal Rules of Appellate Procedure, a court "may award just damages and single or double costs to the appellee" if it determines that an appeal is frivolous. Fed.R.App.P. 38. "[A]rbitration is designed to result in a speedy and final resolution of controversies.... Delaying and frivolous appeals have the effect of undermining both the arbitration and judicial systems. Attorneys' fees are an appropriate sanction in such a situation." Thompson v. Tega-Rand Int'l, 740 F.2d 762, 764 (9th Cir.1984). A frivolous appeal is one where "the result is obvious or the appellant's arguments of error are wholly without merit." Operating Eng'rs Pension Trust v. Cecil Backhoe, 795 F.2d 1501, 1508 (9th Cir.1986).
 
 
 22
 Anshen appears to have filed his claims solely to try to recoup his losses relating to a bad investment decision. His equation of non-delivery of the Braniff certificates with failure to purchase the stock is ridiculous. Although Anshen might have stated a valid cause of action by a showing that he was harmed by Jefferies' failure to deliver the certificates promptly, he completely failed to do so. We therefore award fees and costs to Jefferies.
 
 
 23
 AFFIRMED AND REMANDED TO DISTRICT COURT FOR DETERMINATION OF FEES AND COSTS.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4