967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Watson EASTMAN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 91-35045.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 2, 1992.*
Decided June 8, 1992.
 
 Before FARRIS, WILLIAM A. NORRIS and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 "Receipt" as used in 20 CFR § 422.210(c) means receipt at the claimant's primary residence, not personal receipt. Cf. Scholar v. Pacific Bell, No. 90-15939, slip op. 4869, 4873-75 (9th Cir. Apr. 30, 1992). Thus, the district court correctly concluded that Eastman had until September 27, 1989, to file his complaint. 42 USC § 405(g). Eastman did not file until October 5, 1989.
 
 
 3
 Eastman argues the statute of limitations should be equitably tolled under Bowen v. City of New York, 476 U.S. 467 (1986). But "[t]he task of showing a basis for equitably tolling the statute of limitations [is] daunting," Vernon v. Heckler, 811 F.2d 1274, 1278 (9th Cir.1987), and Eastman's proof is not up to the task. The notice sent him on July 24, 1989, clearly stated that he had 60 days after receipt to file a complaint and that receipt would be presumed to be 5 days after the date shown on the notice. By Eastman's own admission, he received the notice by August 14, 1989, at which point he still had over a month to file his complaint yet did not do so. Eastman was not "tricked by his adversary's misconduct into allowing the filing deadline to pass," but simply "failed to exercise due diligence in preserving his legal rights." Irwin v. Veterans Admin., 111 S.Ct. 453, 458 (1990).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3