26 F.3d 130
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kim HUNTER, Plaintiff-Appellant,
v.
CONTINENTAL AIRLINES, INC., a Delaware Corporation,
Defendant-Appellee.
 No. 93-15426.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1994.*
Decided May 24, 1994.
 
 Before: FARRIS, BEEZER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff-appellant Kim Hunter appeals the district court's dismissal of his claim that defendant-appellee Continental Airlines breached Hunter's employment contract. The district court dismissed the action on the basis that Hunter's claim is preempted by the Railway Labor Act, 45 U.S.C. Secs. 151-188, which provides an exclusive remedy of arbitration. Hunter appeals, arguing that the district court erred in failing to conclude that his claim presents "exceptional circumstances" sufficient to confer jurisdiction upon the district court. We affirm.
 
 
 3
 * Hunter alleges that his termination was in breach of Continental's Pilot Employment Policy ("PEP") Problem Solving Procedure. The Problem Solving Procedure establishes a four-step process for resolving employment disputes. First, the pilot is entitled to have his grievance heard by the Chief Pilot of the pilot's base. Second, the pilot may have a grievance heard by Continental's Senior Vice President of Operations. Third, the pilot may have his grievance heard by Continental's Review Board, an adjustment board organized pursuant to the RLA. Finally, if it reaches a deadlock on the pilot's grievance, the Review Board will refer the grievance to arbitration.
 
 
 4
 Hunter was terminated for falsely recording in his logbook the number of hours he had piloted a 747 aircraft. He proceeded with the grievance steps outlined in the Problem Solving Procedure. Hunter's termination was upheld by the Chief Pilot and by the Senior Vice President. The Review Board deadlocked and Hunter sought arbitration. Four days prior to the arbitration hearing, Hunter filed this suit. The arbitration went forward and Hunter's termination was again upheld.
 
 
 5
 Hunter filed suit in Hawaii state court. He named as defendants Continental Airlines, Terry Owens, and "Doe Entities 1-50." Only Continental Airlines was served. Continental removed the action to federal court, both on the basis of federal question jurisdiction and on diversity of citizenship. Continental then moved to dismiss, on the ground that the suit is barred by the exclusive jurisdiction of the Review Board under 45 U.S.C. Sec. 184. The district court granted the motion. Hunter appeals.
 
 II
 
 6
 Continental argues that we lack jurisdiction because the district court dismissed the action only as to Continental, and not as to the other named defendants. We have jurisdiction over appeals from "final decisions" of the district court. 28 U.S.C. Sec. 1291. We have held that "[i]n an action involving multiple defendants, the dismissal of the complaint only, without dismissal of the action, is not a final judgment." Brower v. Inyo County, 817 F.2d 540, 542 (9th Cir.1987), rev'd on other grounds, 489 U.S. 593 (1989). However, we will accept jurisdiction when it is clear that the district court "intended the dismissal to dispose of the action." Hoohuli v. Ariyoshi, 741 F.2d 1169, 1171 n. 1 (9th Cir.1984).
 
 
 7
 Failure to grant leave to amend is one indication that a district court intends its order of dismissal to be final. Id. Here, the district court concluded that "Hunter can prove no set of facts which would entitle him to relief." This language supports the conclusion that, in the district court's view, amendment would have been futile. Also, Hunter's failure to serve any party other than Continental leads us to conclude that the order dismissing Continental was intended by the district court to dispose of the case completely.
 
 
 8
 The district court failed to enter a separate form of judgment as required by Fed.R.Civ.P. 58. This failure, however, does not affect our jurisdiction. The existence of a properly entered separate judgment is not a necessary prerequisite to appellate jurisdiction under Sec. 1291. Vernon v. Heckler, 811 F.2d 1274, 1276 (9th Cir.1987); Bankers Trust Co. v. Mallis, 435 U.S. 381, 383-84 (1978). Because Continental does not object to jurisdiction on the particular ground that the district court did not enter a separate form of judgment, we "need not engage in the pointless exercise of dismissing the appeal and waiting for the district court clerk to enter a separate judgment before hearing the appeal." Vernon, 811 F.2d at 1276-77.
 
 III
 
 9
 We review de novo the district court's dismissal under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.1992) (en banc).
 
 
 10
 Hunter argues that the district court erred in determining that this case did not present the requisite "exceptional circumstances" to confer jurisdiction upon the district court. We disagree.
 
 
 11
 The RLA applies to the airline industry. 45 U.S.C. Secs. 181-187; International Ass'n of Machinists and Aerospace Workers v. Alaska Airlines, Inc., 813 F.2d 1038, 1039 (9th Cir.), cert. denied, 484 U.S. 926 (1987). The statute distinguishes between "major" and "minor" disputes: "major disputes seek to create contractual rights; minor disputes to enforce them." Consolidated Rail Corp. v. Railway Labor Exec. Ass'n, 491 U.S. 299, 302 (1989). While the district court has jurisdiction over major disputes, it lacks jurisdiction over minor disputes. Alaska Airlines, 813 F.2d at 1040.
 
 
 12
 There is no serious debate that this case involves a minor dispute under the RLA. A minor dispute
 
 
 13
 "contemplates the existence of a collective agreement already concluded, or, at any rate, a situation in which no effort is made to bring about a formal change in terms or to create a new one. The dispute relates either to the meaning or proper application of a particular provision with reference to a specific situation or to an omitted case."
 
 
 14
 Consolidated Rail, 491 U.S. at 303 (quoting Elgin, J. & E. Ry. v. Burley, 325 U.S. 711, 723 (1945)). "Where an employer asserts a contractual right to take the contested action, the ensuing dispute is minor if the action is arguably justified by the terms of the parties' collective bargaining agreement." Id. at 307. Hunter does not seek to form or alter a collective bargaining agreement or to secure new rights. Continental's asserted right to terminate Hunter in accordance with the PEP Problem Solving Procedure is "arguably justified." Hunter's dispute is therefore a minor one for purposes of the RLA.
 
 
 15
 Hunter argues that the district court has jurisdiction regardless of whether the dispute is characterized as major or minor, because his case presents "exceptional circumstances" requiring judicial involvement. His argument is premised upon the allegation that Terry Owens, the Honolulu Chief Pilot responsible for the first step of the grievance procedure, upheld Hunter's termination in spite of having earlier recommended against it. Hunter's theory is that the first step of the grievance procedure was fundamentally flawed in a manner requiring judicial involvement.
 
 
 16
 We have held that in certain circumstances, a district court has jurisdiction over a dispute regardless of whether it is major or minor. Where "judicial involvement is the only means of enforcing the RLA," the district court may have jurisdiction. Alaska Airlines, 813 F.2d at 1040. For example, in Burke v. Compania Mexicana De Aviacion, S.A., 433 F.2d 1031 (9th Cir.1970), we held the federal court had jurisdiction where plaintiffs were individual employees allegedly discharged for attempting to organize a union. Because the plaintiffs were discharged prior to certification of their unions, they were ineligible for union representation on their grievances or for an administrative hearing. Under such circumstances, judicial review is in fact the only means of dispute resolution.
 
 
 17
 Hunter has failed to demonstrate that his circumstances are exceptional. He does not argue that Continental's Problem Solving Procedure is structured in a way that violates the RLA. Rather, he asserts that Owens' decision to uphold Hunter's termination was wrong because it conflicted with Owens' earlier recommendation. This is a matter uniquely within the purview of the Review Board, involving determination of Hunter's rights under the collective bargaining agreement and his employment contract. We agree with the district court that Hunter's claim does not present exceptional circumstances of the kind required to invoke federal court jurisdiction.
 
 IV
 
 18
 Continental seeks attorneys fees and costs under Fed.R.App.P. 38. "An appeal is considered frivolous in this circuit when the result is obvious or the appellant's arguments are wholly without merit." Glanzman v. Uniroyal, Inc., 892 F.2d 58, 61 (9th Cir.1989) (citation omitted). The result in this case is not "obvious," nor are Hunter's arguments "wholly without merit." The request for fees and costs is denied.
 
 V
 
 19
 We have jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1291. For the reasons stated above, we affirm the judgment of the district court. Continental's request for attorneys' fees and costs is denied.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3