62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary M. DAWSON, Defendant-Appellant.
 No. 93-10634.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 8, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary M. Dawson, a federal prisoner, appeals pro se the district court's denial of his motion for a new trial under Fed. R. Crim. P. 33. Dawson was convicted, following a jury trial, for theft of government property and conspiracy to defraud the United States.[1] Dawson contends that he should have been granted a new trial under Fed. R. Crim. P. 33 on the basis of newly discovered evidence. We affirm the district court's decision.
 
 A. Appellate Jurisdiction
 
 3
 Filing a timely notice of appeal is a necessary prerequisite to the exercise of appellate jurisdiction. See Vernon v. Heckler, 811 F.2d 1274, 1276 (9th Cir. 1987); see also Fed. R. App. P. 3 (c) ("[a] notice of appeal ... must designate the judgment, order, or part thereof appealed from").
 
 
 4
 Dawson filed numerous motions in the district court, including a 28 U.S.C. Sec. 2255 motion and a motion for new trial under Fed. R. Crim. P. 33. The district court denied his Rule 33 motion on June 16, 1993 and his Sec. 2255 motion on July 9, 1993. After the district court's denial of the Rule 33 motion and before the denial of the Sec. 2255 motion, Dawson apparently sent the district court and his court an identical petition for permission to appeal from the district court's denial of his Rule 33 motion entered on June 16. 1993. The district court denied his petition. On July 26, 1993, we granted Dawson's petition, construed his petition as a notice of appeal, and directed the district court to file the notice of appeal from the denial of the Rule 33 motion on June 25, 1993, the date we received Dawson's petition. There was no notice of appeal filed from the district court's denial of Dawson's Sec. 2255 motion. Accordingly, we have jurisdiction only to review the district court's denial of Dawson's motion under Fed. R. Crim. P. 33. See Vernon, 811 F.2d at 1276; see also Fed. R. App. P. 3(c).
 
 B. Denial of Motion For New Trial
 
 5
 We review the district court's denial of a motion for new trial for abuse of discretion. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir.), cert. denied, 113 S. Ct. 258 (1992).
 
 
 6
 The district court may grant a new trial based on newly discovered evidence "if required in the interest of justice." Fed. R. Crim. P. 33. We have held that when a defendant who has chosen or has been advised by his attorney not to testify at his codefendant's trial subsequently comes forward to offer testimony exculpating the codefendant, the evidence is not "newly discovered." See Reyes-Alvarado, 963 F.2d at 1188.
 
 
 7
 Dawson claims that his coconspirator and ex-employer Jerome Bernstein would have offered exculpatory testimony if he had been asked to testify.[2] However, Bernstein's alleged exculpatory testimony did not constitute "newly discovered evidence." See Reyes-Alvarado, 963 F.2d at 1188. Moreover, Bernstein, in his letter to Dawson's former attorney, did not deny Dawson's participation in the criminal scheme. Accordingly, the district court did not abuse its discretion by denying Dawson's Rule 33 motion for a new trial. See Reyes-Alvarado, 963 F.2d at 1188.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We affirmed Dawson's sentence in United States v. Dawson, No. 91-10330, unpublished memorandum disposition (9th Cir. Nov. 24, 1992)
 
 
 [2]
 The record contains a letter from Bernstein's attorney to the Assistant United States Attorney prosecuting Bernstein's case, in which Bernstein's attorney states that he would advise his client not to testify at Dawson's trial. Almost two years after Dawson's conviction, Bernstein wrote a letter to Dawson's former attorney, stating that he was not aware of Dawson's trial and had never intended to refuse to appear at Dawson's trial