70 F.3d 1280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David BELAND, Defendant-Appellant.
 No. 95-55154.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 20, 1995.*
Decided Nov. 24, 1995.
 
 Before: PREGERSON, NORRIS, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner David Beland appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion. He contends that statements and evidence should have been suppressed due to violations of Miranda v. Arizona, 384 U.S. 436 (1966), and counsel was ineffective both before Beland's guilty plea and at sentencing. We have jurisdiction under 28 U.S.C. Secs. 1291, 2255.[1] We review the denial of a Sec. 2255 motion de novo, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and affirm.
 
 
 3
 Beland failed to raise the following contentions in his Sec. 2255 motion in the district court: (1) statements and evidence must be suppressed due to Miranda violations; (2) Beland's guilty plea was involuntary based upon counsel's ineffectiveness; (3) counsel was ineffective based upon his failure to obtain discovery, his failure to obtain an evidentiary hearing regarding the two-level enhancement to Beland's offense level for possession of a gun, and his disbarment after Beland's conviction. Because these issues were not presented in his Sec. 2255 motion, we will not address them for the first time on appeal. See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990).
 
 
 4
 Beland contends his counsel was ineffective for not arguing that a reduction for his minimal or minor role in the offense was appropriate.
 
 
 5
 In order to prevail on an ineffective assistance of counsel claim, a defendant must show deficient performance by counsel and prejudice to the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Swanson, 943 F.2d 1070, 1073 (9th Cir.1991). The petitioner bears the burden of establishing both components. See United States v. Quintero-Barraza, 57 F.3d 836, 840 (9th Cir.1995). A defendant is entitled to a two-to-four level downward adjustment if he was a minor or minimal participant who is substantially less culpable than the other participants. U.S.S.G. Sec. 3B1.2, comment. (backg'd); United States v. Benitez, 34 F.3d 1489, 1498 (9th Cir.1994), cert. denied, 115 S.Ct. 1268 (1995). "[M]erely being less culpable than one's co-participant does not automatically result in minor status." United States v. Andrus, 925 F.2d 335, 338 (9th Cir.), cert. denied, 112 S.Ct. 249 (1991); see United States v. Davis, 36 F.3d 1424, 1436-37 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995).
 
 
 6
 The record indicates that Dannals trusted Beland, and gave him responsibility in the manufacturing scheme. See Davis, 36 F.3d at 1437. Although he was not involved in the conspiracy to the same extent as Dannals and his wife, he was not a minor participant. See Benitez, 34 F.3d at 1498; Andrus, 925 F.2d at 338. Thus, Beland has not demonstrated that his counsel's failure to argue for a minor or minimal role adjustment resulted in any prejudice. See Strickland, 466 U.S. at 687; Quintero-Barraza, 57 F.3d at 840.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government contends that we lack jurisdiction over this appeal because Beland failed to file a timely notice of appeal. See Fed.R.App.P. 4(a); Rules Governing 28 U.S.C. Sec. 2255 Proceedings, R. 11 (time for appeal in Sec. 2255 cases governed by Fed.R.App.P. 4(a)). The district court, however, failed to set forth its judgment in a document separate from its order. See Fed.R.Civ.P. 58, 79(a). Thus, the order denying the Sec. 2255 motion was not properly entered, as required by Fed.R.App.P. 4(a)(6). Consequently, the time for filing the notice of appeal has not run, and we may accept jurisdiction. See Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989); see also Vernon v. Heckler, 811 F.2d 1274, 1276-77 (9th Cir.1987) (deeming parties to have waived formal entry requirements by failing to object on that basis)