129 F.3d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ASSOCIATION OF ETHICAL MATCHMAKERS, a WA nonprofit corp.;
Jane Doe, # 1; Gina Reidy; Gary Thomason; Robert L.
Veilleux, inter alia; Copyright Infringement Association, a
WA nonprofit corp. and its members; Match-Soft Group, inter
alia; Together Dating Creditors Committee, a WA nonprofit
corp., and its members; Gail Charloff; Robert Keating,
inter alia; Victims Together, a WA nonprofit corp., and its
members; Jane Doe, # 2; Janice (Evalt) Glaser; Frida
Holmes; Michelle Holmes; Heather Nicholson, inter alia,
Plaintiffs-Appellants
and
Will Knedlik, Appellant,
v.
TOGETHER RACKETEERING ENTERPRISE, and each competent
thereof; Together Development Corp.; Together Dating
Service Inc.; Together Consolidated Inc.; Thought Process
Inc.; Tech Graphics; Samsong-Zalkind Inc.; Ross Crossland
Weston & Co.; Psychometrix; P.M.P. Marketing Inc.;
Personal Introductions Inc.; Monterey Financial Services
Inc., Mega Marketing Group Inc.; Mallard Electronics Inc.;
Listworks Corp.; Harte-Hanks Direct Marketing; Green-Tree
Joint Venture Inc.; Gray, Plant, Mooty, Mooty & Bennett,
P.A.; GMS Computing Co.; Bank One Akron N.A.; American
Express Company; ALLAR-TIC Financial Services Inc.;
Jeffrey Altmire; Cheryl Altmire, husband & wife, and the
marital community, Sharon Brewer-Smith; John Doe Smith,
wife & husband, and the marital community; Paul Falzone;
Jane Doe Falzone, husband & wife, and the marital community;
Robert Hereford; Jane Doe Hereford, husband & wife, and
the marital community; Steve Kelly; Erica Kelly, husband &
wife, and the marital community; William Kaepernik, Sr., a
widower, and the Estate of Jane Doe Kaepernik (Deceased);
Ted Law; Rachael Law, husband & wife, and the marital
community; Salina Luevano; John Doe Luevano, husband &
wife, and the marital community; Jenifer Madsen; Les
Madsen, husband & wife and the marital community; Joe
Marino; Jane Doe Marino, husband & wife, and the marital
community; Bradford Megaham; Diane Megahan, husband &
wife, and the marital community; Christopher Nolan; Jane
Doe Nolan, husband & wife, and the marital community; Brian
Pappas; Christine (Pappas) Hurley, husband & wife, and the
marital community; Jeffrey Pappas; Suzanne Pappas, husband
& wife, and the marital community; Patty Patton; John Doe
Patton, wife & husband, and the marital community; Winslow
Scott; Carol Scott, husband & wife, and the marital
community; Brenda Thomason, aka Brenda Lillis, aka Brenda
Abutaha, aka Brenda Ramos; Chet Tomasiewicz; Jane Doe
Tomasiewicz, husband & wife, and the marital community;
Horace Trimarchi; Jane Doe Trimarchi, husband & wife, and
the marital community; Gerald West; Jane Doe West, husband
& wife, and the marital community; Summer West; John Doe
West, wife & husband, and the marital community; Ken
Wilkins; Jane Doe Wilkins, husband & wife, and the marital
community; Quentin Wittrock; Jane Doe Wittrock, husband &
wife, and the marital community; Steve Wolkon; Jane Doe
Wolkon, husband & wife, and the marital community; Richard
Woolman; Jane Doe Woolman, husband & wife, and the marital
community; Ronald Zalkind; Jane Doe Zalkind, husband &
wife, and the marital community; Titled or Untitled Joint
Ventures, Titled or Untitled Partnerships or Titled or
Untitled Relations Among and Between Said and John Doe
Corporations, Entities, Marital, Communities and Persons,
Defendants-Appellees.
 No. 97-35228.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Nov. 7, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, No. CV-96-01044-BJR; Barbara J. Rothstein, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Association of Ethical Matchmakers, attorney Will Knedlik and others, appeal the district court's August 7, 1996 order dismissing their action and the January 22, 1997 order awarding defendants attorneys' fees. We dismiss in part and reverse in part.
 
 
 3
 We lack jurisdiction to consider Knedlik's appeal of the district court's August 7, 1996 order dismissing this action because the notice of appeal was not filed until February 24, 1997.[1] See Fed. R.App. P. 4(a)(1); Vernon v. Heckler, 811 F.2d 1274, 1276 (9th Cir.1987) (holding that the filing of a timely notice of appeal is "mandatory and jurisdictional") (internal quotations omitted).
 
 
 4
 Knedlik timely appealed the January 22, 1997 order awarding defendants $6,662.86 in attorneys' fees. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's award of attorneys' fees for an abuse of discretion. See Nelson v. Pima Community College, 83 F.3d 1075, 1080 (9th Cir.1996). Because defendants removed this case to federal court before it was filed in state court, removal was improper and the district court lacked subject matter jurisdiction.[2] See 28 U.S.C. §§ 1441 & 1446(a). Accordingly, the district court abused its discretion in awarding attorneys' fees. See Nelson, 83 F.3d at 1080.
 
 
 5
 We dismiss the appeal of the dismissal order and reverse the award of attorneys' fees.
 
 
 6
 DISMISSED in part; REVERSED in part.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without: oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We note that defendants' November 13, 1996 motion for attorneys' fees did not toll the time for Knedlik to appeal the August 7, 1996 dismissal. See Fed. R.App. P. 4(a)(4); Wares v. I.R.S., 915 F.2d 1230, 1233-34 (9th Cir.1990) (refusing to review underlying judgment on a timely appeal of sanctions award)
 
 
 [2]
 We disagree with defendants' contention that they needed to remove the action to federal court within 30 days after service of the complaint or risk waiving that right. Plaintiffs' failure to file the action in Washington state court, within 14 days of defendants' demand that they do so, voided the service of the complaint. See Wash.Super. Ct. Civ. R. 3(a)