Sean M. MULCAHEY, Plaintiff—Appellant,

v.

EURO GEN. CONTRACTORS, a corporation registered under the laws of the State of Washington; Ludvik Stribney, individually, Defendants—Appellees.

No. 00–36039.

D.C. No. CV–99–05506–RJB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2002.

Decided June 20, 2002.

Before BROWNING, B. FLETCHER and GOULD, Circuit Judges.

MEMORANDUM *

Sean M. Mulcahey filed a complaint under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* and Washington state law, Rev.Code Wash. § 49.46, seeking unpaid overtime compensation from his former employer, Euro General Contractors ("Euro"), for the period between 1992 and 1999. Mulcahey appeals the district court's summary judgment orders that: (1) limited his claims pursuant to the statute of limitations; and (2) dismissed the bulk of his claims for

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

overtime compensation. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

At the threshold, we reject Euro's argument that Mulcahey's appeal should be dismissed as untimely under Fed. R.App. P. 4(a)(1)(A). The rule is clearly established that the time for appeal does not begin to run "until a judgment is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure, that is, until [the judgment] is set forth in a separate document and properly entered by the clerk of the court." *McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1218 (9th Cir.1990). *See also Venon v. Heckler*, 811 F.2d 1274, 1276 (9th Cir.1987) ("Absent compliance with [Rules 58 and 79(a)] a party will not ordinarily be found to have exceeded any of the time periods set forth in Fed. R.App. P. 4(a)"). Here, the district court did not enter a formal judgment on a separate document until November 21, 2000, and the time for appeal did not begin to run until then. Because Mulcahey filed his Notice of Appeal one day later, his appeal was timely under Fed. R.App. P. 4(a)(1)(A).

We reject Mulcahey's contentions that: (1) he was entitled to more than the forty-three hours of overtime compensation to which the defendants conceded; and (2) that overtime compensation was wilfully withheld. We agree with the district court that Mulcahey did not support these claims with probative evidence showing that there was a genuine issue of material fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("[T]he plaintiff could not rest on his allegations ... to get to a jury without any significant probative evidence tending to support the complaint"). The district court correctly granted summary judgment to Euro on these claims.

Because we find Mulcahey's claim that he is entitled to additional overtime pay for work performed during the years 1992–1999 to be without merit, we need not address the statute of limitations question.

AFFIRMED.