**Tolagbe OGUNLEYE, Plaintiff–
Appellant,**

v.

**STATE OF ARIZONA BOARD OF
REGENTS, et al., Defendants—
Appellees.**

No. 01–17454.
D.C. No. CV–99–00275–JMR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 13, 2003.

Decided Jan. 23, 2003.

Before SCHROEDER, Chief Judge,
NOONAN and CLIFTON, Circuit Judges.

MEMORANDUM *

Appellant Ogunleye appeals the district court's summary disposition in favor of appellants State Board of Regents, et. al. Finding that Ogunleye failed to file a timely notice of appeal this court dismisses the appeal for lack of jurisdiction.

The filing of a timely notice of appeal is a jurisdictional requirement that cannot be waived. *See Miller v. Marriott Int'l, Inc.,* 300 F.3d 1061, 1063 (9th Cir.2002). A party must file the notice of appeal within 30 days after the judgment or order is entered. Fed. R.App. Pro. 4(a)(1). The period for notice of appeal may be tolled if the party timely files a post-trial motion as provided by Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure. Rule 59 and 60 post-trial motions must be filed within 10 days of the entry of judgment to toll the appeals period. Fed. R.App. Pro. 4(a)(4)(A).

The district court entered its final order granting summary disposition for the defendants on August 31, 2001. The entry of the order complied with Rules 58 and 79(a) of the Federal Rules of Civil Procedure and started the clock for the appeals period. *Vernon v. Heckler,* 811 F.2d 1274, 1276 (9th Cir.1987). The appeals period ran for 30 days and ended on October 1, 2001. Ogunleye's notice of appeal was filed on November 7, 2001, past the appeals deadline.

Ogunleye incorrectly argues that her post-trial motions tolled the appeals period. Only post-trial motions filed within 10 days of the entry of judgment are timely and toll the appeals period. Ogunleye's post-trial motions were not filed within that 10–day period and did not toll the appeals period. The deadline for the notice of appeal remained October 1, 2001 and Ogunleye did not meet it. The panel finds that there is no jurisdiction and dismisses Ogunleye's appeal. APPEAL DISMISSED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.