**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT HACKWORTH, Jr., | No. 13-16688 |
| Plaintiff-Appellant, | D.C. No. 1:06-cv-00773-RC |
| v. | |
| G. TORRES, Correctional Officer; D. MORALES, Correctional Officer; M. GRIMSLEY, Correctional Officer; J. M. MARTINEZ, Sergeant, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Raner C. Collins, Chief Judge, Presiding

Argued and Submitted July 5, 2016
San Francisco, California

Before: SILVERMAN, and NGUYEN, Circuit Judges, and GARBIS,[**] District
Judge.

Robert Hackworth appeals the district court's order granting judgment as a

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Marvin J. Garbis, United States District Judge for the
District of Maryland, sitting by designation.

matter of law in favor of Officers Torres and Grimsley with respect to his First Amendment retaliation claim, and the court's exclusion of certain evidence at trial relating to the retention of records at Corcoran State Prison. We have jurisdiction under 28 U.S.C. § 1291,[1] and we affirm.

1. The district court properly granted judgment as a matter of law in favor of Officers Torres and Grimsley because Hackworth failed to establish a nexus between the statements he made at an administrative hearing and the officers' involvement in a subsequent physical altercation that resulted in his injury. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000). Neither Torres nor Grimsley was present at the hearing, and Hackworth relies only on speculative inferences to argue that the officers nevertheless knew of and were motivated by Hackworth's statements. *See Lakeside-Scott v. Multnomah County*, 556 F.3d 797, 808 (9th Cir. 2009); *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995).

2. The district court did not abuse its discretion in excluding as irrelevant a court order purporting to give Corcoran notice of Hackworth's claims as of August

---

[1] The record reflects that the district court docketed the jury verdict in favor of defendants, but that it never filed a final judgment. *See* Fed. R. Civ. P. 58. The absence of a separate, final judgment does not preclude appellate jurisdiction in this matter, especially as neither party contests the issue. *See Vernon v. Heckler*, 811 F.2d 1274, 1276 (9th Cir. 1987).

2

1, 2006, such that video evidence relating to this matter should have been preserved. The order did not have a tendency to prove Corcoran's knowledge of this matter because it was vague (it provides no specifics as to the type of claim filed and lists only one of the four defendants by name), and there is no indication that anyone at Corcoran even received it (the listed recipient is the Director of the California Department of Corrections in Sacramento). Moreover, Hackworth has not demonstrated any prejudice resulting from the exclusion of the order, as the content of the missing video was not disputed, and the circumstances surrounding its preservation and destruction were presented at trial. *See GCB Commc'ns, Inc. v. U.S. S. Commc'ns, Inc.*, 650 F.3d 1257, 1262 (9th Cir. 2011).[2]

**AFFIRMED.**

---

[2] We note that, although it would not have affected the outcome of this case, some degree of coordination between the California Department of Corrections and individual prisons regarding the receipt of such court orders may be prudent.