NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIJHA MALCOME BURKE, | No. 16-35165 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05294-RSM |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Submitted December 11, 2017[**]

Before:      THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges

Elijha Malcome Burke through counsel appeals the district court's dismissal

of his case for failure to comply with the statute of limitations after an

administrative law judge ("ALJ") concluded that Burke was not entitled to Social

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Security child insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

Burke's counsel faxed two requests to the Appeals Council to extend the 60-day period for commencing a civil action under 42 U.S.C. 405(g). The Appeals Council granted his first request and did not receive his second request. Burke filed a civil action 17 days after the filing deadline following his first requested extension, which was granted by the Appeals Council, and five days after the filing deadline Burke's attorney requested in the second extension request.

Sections 405(g) and (h) governs judicial review of final decisions issued by the Commissioner of the Social Security Act, which provides that any individual may commence a civil action within sixty days after the mailing to him of notice of the Appeals Council's decision or within such further time as the Commissioner of Social Security may allow. 42 U.S.C. 405(g). The 60-day time limitation for seeking judicial review of the ALJ's decision can be extended in two ways. First, the Appeals Council "may" extend the 60-day period "upon a showing of good cause," but that decision is within the Council's discretion, and the Council is not required to grant an extension. *See* 20 C.F.R. § 422.210(c). Second, traditional equitable tolling or estoppel principles can toll the limitation period under certain

circumstances, such as where the cause of action is based on duress or undue influence; or the defendant fraudulently conceals the cause of action, affirmatively misleads the plaintiff, or engages in misconduct or deception. *Bowen v. City of New York*, 476 U.S. 467, 479-80 (1986); *Vernon v. Heckler*, 811 F.2d 1274, 1277-78 (9th Cir. 1987). Only in rare cases will the doctrine of equitable tolling allow a plaintiff to avoid the statute of limitations. *See Bowen*, 476 U.S. at 480-81.

First, Burke did not show good cause for a second extension of time. Burke did not demonstrate good cause; rather, Burke's attorney located Burke nearly three weeks before the April 17, 2015 deadline, obviating the reason provided for the requested extension.

Second, equitable tolling should not apply. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Burke failed to demonstrate he pursued his rights diligently. Burke did not follow the instructions provided by the Appeals Council for requesting an extension. He faxed his two requests for extensions to the Appeals Council instead of mailing them as clearly indicated in the Notice of Appeals Council Action dated December 16, 2014, and stamped "Received" by Talbot & Associates on December 29, 2014. The continued reliance on fax was not reasonable considering Burke's attorney asserted he did not receive a response to the first fax.

16-35165

Further, Burke fails to show an extraordinary circumstance prevented the timely filing of the complaint. Burke's attorney located Burke prior to the first filing deadline granted by the Appeals Council, and the second deadline requested by Burke's attorney. Moreover, even if the Appeals Council had granted the second requested extension until April 29, 2015, his complaint would still be untimely because he filed it on May 4, 2015.

**AFFIRMED.**